# Tipton *v.* Wortham.

*Bill in Equity by Mortgagor, for Account and Redemption.*

1.　*Redemption by mortgagor, after sale under power.*—When land has been sold under a power in a mortgage, and bought by a third person for the mortgagee, the mortgagor may come into equity for relief, alleging that the mortgage debt was fully paid before the sale, and praying that the sale be set aside and the mortgage cancelled; and he may also ask an account, and offer to pay any balance found due; and it is not necessary that the bill should contain the averments which are requisite to enforce the statutory right of redemption against a purchaser at a sale under the mortgage.

11

[Tipton v. Wortham.]

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 21st January, 1888, by Calvin J. Tipton against John W. Wortham and David W. Duskin, and contained the following allegations: (*Par.* 1.) On the 10th March, 1881, complainant executed to Larkin A. Wortham, as guardian of John W. Wortham, a mortgage on a tract of land, with other property, to secure an indebtedness of $126.22. (*Par.* 2.) On the death of Larkin A. Wortham, E. F. Walker was appointed guardian in his stead; and on the settlement of said Walker's accounts in 1887, the ward having attained his majority, "said note and mortgage was delivered to said John W. Wortham as his property, for what it was worth." (*Par.* 3.) On the 26th December, 1887, after notice by advertisement of an intended sale of the land under the power contained in said mortgage, "a pretended sale thereof was made at public outcry, at which sale said David W. Duskin became the purchaser, at the price of $175." At said sale complainant appeared, "and forbade said sale, and, as ground thereof, gave public notice that all due on said mortgage had been paid." (*Par.* 4.) On the 12th January, 1888, said John W. Wortham served on complainant a written demand of possession of the land, describing it as "now in the possession of David W. Duskin;" but complainant "has not delivered the possession of said land to him, nor to any other person; and he declines to deliver the possession to any person except the real purchaser at said sale, or an assignee by law entitled to make demand for possession. No conveyance has been made from said Wortham to said Duskin, nor from said Duskin to said Wortham, of which complainant has any notice." (*Par.* 5.) "Complainant avers that he has made payments on said mortgage, at various times, and in various sums, to said L. A. Wortham and said E. F. Walker as guardian, which are in the aggregate more than the debt secured by said mortgage, with lawful interest; a part of which said payments have not been credited on said note or mortgage, nor elsewhere placed to the complainant's credit on said debt. No sum whatever, as complainant believes and avers, was due by said mortgage on said 26th December, 1887, when said sale was assumed to be made. If, however, on a proper statement of accounts herein, any sum shall be found due on said mortgage, complainant now here tenders and offers to pay whatever may be so found due." (*Par.* 6.) The lands conveyed by the mortgage "constitute and embrace complainant's homestead," and are worth about $2,000.

On these allegations, the bill prayed "that orator may be

[Tipton v. Wortham.]

allowed to come in and redeem said land, by paying whatever may be found due, if anything, and that an account may be stated under the order of the court, to learn what is due, if anything; further, that said mortgage may be cancelled and held for naught," and for "other, further, and general relief."

A demurrer to the bill was filed by Wortham, assigning nine causes or grounds of demurrer, of which the chancellor sustained the following: (1.) The bill seeks to enforce the statutory right of redemption, and shows that complainant has not delivered possession of the land to the purchaser at the sale. (2.) The bill does not show that the possession has been surrendered to the purchaser. (7.) The bill is filed in a double aspect, and seeks inconsistent relief. (9.) As to the claim of homestead, the bill does not show that complainant is a married man, nor that he resided on the land as a homestead. The decree on the demurrer is assigned as error.

L. W. DAY, for appellant.

D. D. SHELBY, *contra.*

COLEMAN, J.—Complainant seeks the cancellation of a mortgage, and to redeem certain lands, which were mortgaged to secure an indebtedness due from him to the guardian of the defendant, and which mortgage became the property of his ward, now defendant, upon attaining his majority. The bill does not seek relief under the statutory right of redemption, but proceeds entirely upon the theory, that there has been no legal and valid foreclosure of the mortgage. The bill avers that the mortgage debt was fully paid and discharged before the sale, and asks that an account be stated, and in the event the court ascertains that there is a balance unpaid, the complainant offers to do equity, by paying whatever may be found to be due.

There are recitals in the bill, which seem to have been made upon the theory, that although there may have been a foreclosure of the mortgage under the power contained in it, and one Duskin may have bid off the land; yet, as there was no memorandum of the sale, or conveyance by the assignee and the owner of the mortgage to the purchaser, the sale was a nullity, and the title and right of possession to the property remained the same as if there had been no sale. This was the law as declared by this court under the earlier decisions. *Jackson v. Scott*, 67 Ala. 100. There are later decisions which hold to the contrary.—*Cooper v. Hornsby*, 71 Ala. 64; *Durden v. Whetstone*, 92 Ala. 480; *Mewburne v. Bass*, 82 Ala. 622.

If the proof should establish that the mortgage debt was paid before the attempted foreclosure, the plaintiff would be entitled to relief; or, if the proof should show there was a foreclosure and a balance due on the mortgage at the time of the sale, and that Wortham was the real purchaser, although the land may have been bid off by Duskin, by proper averments seasonably made the plaintiff would be entitled to disaffirm the sale, and thereby to become re-invested with the equity of redemption; and he would be entitled to redeem the land from under the mortgage. A bill is not objectionable for multifariousness which elects to disaffirm a sale, on the ground that the mortgagee became the purchaser at his own sale, and at the same time asks that an account be stated, and if it appears that the mortgage debt has been paid, prays that the mortgage be cancelled; or if a balance be found due, prays that the complainant be allowed to redeem the property from under the mortgage.—*Askew v. Sanders*, 84 Ala. 356; *New Eng. Mort. Sec. Co. v. Sewell*, 92 Ala. 163.

If the proof should show that the mortgage debt, or any part, was due and owing at the time of the sale, and that Duskin was a *bona fide* purchaser in his own right, and the mortgagee and purchaser have recognized the sale as valid, complainant could get no relief under the present bill. It is wholly insufficient as a bill to redeem under the statutory right of redemption.—Code, 1886, § 1881; *Stocks v. Young*, 67 Ala. 343. The demurrer to the bill was directed against it in this aspect, and this is the view the court seems to have taken of the pleadings. We are of opinion that the court misconstrued the allegations of the bill and its purposes, and improperly sustained the demurrer.

No action was had in the lower court upon the demurrer interposed by Duskin, and the demurrer filed by him is not considered.

Reversed and remanded.