# Matkin *v.* Marx.

*Statutory Action in nature of Ejectment.*

1. *When defendant may not set up paramount title in third person*
In ejectment, or in the statutory action in the nature thereof, where plaintiff and defendant claim title from a common source, the defendant is precluded from setting up a paramount title in a third person.

2. *Presumption in favor of rulings of primary court.*—On appeal, the rulings of the primary court must be presumed to be free from error, unless the contrary is affirmatively shown.

3. *Ejectment by purchaser at mortgage foreclosure; right of defendant*

[Matkin v. Marx.]

*to have amount of mortgage debt ascertained.*—A statutory action in the nature of ejectment by the purchaser at a mortgage foreclosure is not an action by a "mortgagee or his assignee," within the meaning of the statute (Code, § 2707), which provides that, in such action against the mortgagor, or any one holding under him, the defendant may have the jury ascertain the amount due on the mortgage debt, and on payment thereof, with interest and the costs, a writ of possession shall not issue. The defendant in an action by the purchaser at a foreclosure sale is not entitled to the benefit of said statute.

4. *General charge on evidence* —When any material fact lies in inference from other facts in proof, or if different tendencies of the proof are developed, from which different conclusions might be drawn by the jury, the general charge in favor of either party should not be given.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. WM. E. CLARKE.

G. B. JOHNSTON, and JOHN C. ANDERSON, for appellant.

GEO. W. TAYLOR, *contra.*

THORINGTON, J.—Appellee brought suit against appellant to recover possession of certain real property described in the complaint, the suit being a real action, under the Code, in the nature of ejectment. The plaintiff's title was derived through Newhouse Bros., to whom E. T. Walston and wife mortgaged the property on the 1st day of February, 1887, the mortgagors being then in possession. The mortgage was executed and acknowledged in the form requisite to convey the homestead. After the law day of the mortgage, the mortgagees sold the property pursuant to the power of sale, and appellee became the purchaser, and received a deed in due form from the mortgagees. No question is made as to the regularity of the sale. E. T. Walston, the mortgagor, died in February, 1889. In October, 1889, the property in controversy was set apart, by proceedings had in the Probate Court of Marengo county for that purpose, to Mrs. Magnolia Walston, the widow of the mortgagor, as her homestead, and the mortgage sale was made in December, 1889. While Mrs. Walston was occupying the property as her homestead, as aforesaid, appellant went into possession as her tenant, and was so holding when this suit was instituted.

The defendant's pleas were the general issue; that the mortgage debt was paid before the commencement of the suit; and that the legal title to the property was in third persons, and not in the plaintiff, to-wit., that Walston, at the time of mortgaging lot 14 to Newhouse Bros., had no

[Matkin v. Marx.]

deed or legal title thereto, and has never acquired any since; and that, prior to the mortgage to Newhouse Bros., Walston had conveyed lot 16 by a deed of trust to G. B. Johnston, as trustee for the Commercial Bank of Selma, which deed of trust or mortgage was still of force, the debt secured thereby never having been paid; that the legal title to lot 14 was in Samuel G. Woolf and his sisters, and that the legal title to lot 16 was in said Johnston, as trustee. The pleas do not in any wise attempt to connect the defendant with either of these outstanding titles. The defendant also set up by plea that the property had been set apart to Mrs. Walston, the widow of the mortgagor, as her homestead, and that, although the mortgage conveyed the homestead, it was merely to secure the debt described in the mortgage, and that such debt had been paid; and that he, the defendant, held the property as Mrs. Walston's tenant.

Plaintiff demurred to the special pleas, and his demurrers were sustained by the court; but afterwards the demurrer to the plea of payment was reconsidered and overruled; and a motion of the plaintiff to strike said plea from the file was likewise overruled.

The defendant made various offers of proof to show the alleged outstanding title to both lots, and also the proceedings by which the property had been set apart to Mrs. Walston as her homestead, all of which proof, on the plaintiff's objection, was excluded; and the defendant excepted.

After the cause had been submitted to the jury, and plaintiff had rested his case, the defendant suggested upon the record, as the bill of exceptions states, that he was the tenant of Mrs. Magnolia Walston, who holds under her deceased husband, the mortgagor, and moved the court to "intimate" to the jury to ascertain the amount due under the mortgage "which forms a part of the title under which the plaintiff claims." On objection of the plaintiff, the court refused to allow the motion to be filed, and the defendant excepted.

The judgment entry recites that "after issue joined, and after the evidence of the plaintiff was closed, the defendant filed a motion in writing to substitute Mrs. Magnolia Walston, as landlord, as defendant in his stead." The plaintiff demurred to the motion, and the demurrer was sustained. Neither the motion itself nor the grounds of demurrer are set out in the record.

The settled rule in this court is that a defendant in ejectment, or the statutory action in the nature of ejectment,

[Matkin v. Marx.]

may set up an outstanding paramount title in a third person, unless the defendant is a mere trespasser, or he and the plaintiff claim under the same person.—*Stephenson v. Reeves*, 92 Ala. 582.

It is clear from the statement of facts, as above set forth, that both the plaintiff and the defendant claim whatever title and right they have from a common source, to-wit, from E. T. Walston,—the plaintiff's title being the deed received by him on his purchase under the mortgage, and the defendant's rights being based on his tenancy under Mrs. Walston, to whom the property was set apart, as the widow of E. T. Walston, as her homestead. The defendant, therefore, is not in a position to plead that the title to the property sued for was not in E. T. Walston, but in third parties. The demurrer to the pleas attempting to set up that defense was properly sustained, and all testimony offered by the defendant touching that question was properly excluded. In order to exclude any inference to the contrary, we may add, on this point, that if the defendant had not been precluded from setting up an outstanding title with which he was connected, that defense could have been open to him under the plea of the general issue; no special plea would have been necessary in order to set up the defense.

The question whether the court erred in sustaining the demurrer of the plaintiff to the motion of the defendant to have his landlord substituted in his place as defendant is very obscurely raised by the record. Neither the motion itself nor the demurrer thereto being set out in the record, we can not see that the court erred, but must presume in favor of the correctness of the ruling. Appellant having failed to make it appear affirmatively that there was reversible error in the ruling of the court on this motion, his assignment of error thereon can avail him nothing.

The refusal of the court, on defendant's motion, to instruct the jury to ascertain the amount due on the mortgage debt, on the theory that the mortgage constituted part of the plaintiff's title, and that the defendant held under one of the mortgagors, Mrs. Walston, was not error. The statute (Code, 1886, § 2707,) limits the right of a defendant to have the jury ascertain the amount of the mortgage debt to actions by a mortgagee, or his assignee, against the mortgagor, or any one holding under him; and provides that if within thirty days after the rendition of judgment the defendant shall pay to the plaintiff, or to the clerk for his use, such debt, interest and the costs, then a writ of possession must not issue, &c. The mortgage referred to in defendant's mo-

[Matkin v. Marx.]

tion having been foreclosed under the power of sale, and the plaintiff having purchased and received a deed under such sale, this is not an action by a mortgagee, or his assignee, within the meaning of the statute. The plaintiff, by such purchase, did not become the assignee of the mortgage, but the owner of the land, at least to the extent that the mortgagor had title thereto. He sues in this action, not as a mortgagee, or an assignee of a mortgagee, but as the owner of the land.—*Sanders v. Blackwell & Cassady*, 86 Ala. 246.

The question of payment is only material under the defendant's plea that the mortgage was paid in full before the commencement of the suit; section 1870 of the Code making such a payment operate as a divestiture of the title passing by the mortgage. The demurrer to that plea having been overruled, the issue was before the jury, and much testimony was offered by both parties. The proof on this subject took a wide range; Walston, in addition to the mortgage debt, having carried a general merchandise account for several years with Newhouse Bros., the mortgagees, during which time there were many debits and credits. From the latter it appears that the mortgage debt and general account were not kept separate and distinct from each other, but that from time to time a general balance was ascertained and a new note given, and for part of the debt new security was taken in the form of a mortgage on personalty. While there was no real conflict in the testimony, there were inferences to be drawn by the jury as to whether certain credits were applied to the general account or to the mortgage debt, by which the latter was paid in full, and also whether the additional security taken was intended to be in lieu of the original mortgage debt, and by which it was discharged. While the giving of a new note is to be regarded *prima facie* as only collateral or additional security, and notwithstanding the testimony of one of the plaintiffs in this case that the new notes and mortgages were in fact so taken, it was a question of intention, and it was for the jury to determine from all the proof whether there was an implied agreement that the new notes and mortgages were taken in payment of the original debt.—*Keel v. Larkin*, 72 Ala. 493. The court, with this state of the proof, at plaintiff's request, gave the general affirmative charge.

It has been frequently declared that when any material fact lies in inference from other facts in proof, or if different tendencies of the proof are developed from which different conclusions might be drawn by the jury, the general charge in favor of either party should not be given.—*Hissong v. Richmond & Danville Railroad Co.*, 91 Ala. 514.

[Brandon v. Montgomery Iron Works.]

In giving the general affirmative charge for the plaintiff the Circuit Court erred; and its judgment is accordingly reversed, and the cause remanded.

Reversed and remanded.