# Williamson *v.* Mayer Bros.

*Statutory Action of Ejectment.*

| | |
|---|---|
| 117 | 253 |
| f 123 | 629 |
| 124 | 283 |
| 117 | 253 |
| 127 | 32 |
| 117 | 253 |
| 129 | 586 |
| 117 | 253 |
| 131 | 307 |
| 117 | 258 |
| 136 | 461 |
| 137 | 184 |

1. *Trial and its incidents; excusing juror.*—In a civil case, the ruling of a trial court in excusing of its own motion, a juror, on the ground that he was a first cousin of the defendant's son-in-law, will not be reviewed on appeal, when such action was not done arbitrarily but apparently in the interest of justice.

2. *Ejectment; plea of res adjudicata.*—In an action of ejectment, a plea which sets up that in a former suit of ejectment between the same parties to recover the same lands, and in which the same title was put in issue, judgment was rendered for the defendant, presents no bar to the maintenance of the pending suit; and the fact that in the former suit the defendant pleaded the payment of a mortgage under which the plaintiff derived title, presented no more of a bar· than any other finding under the general issue, which was also pleaded.

3. *Pleading and practice; replication; sufficiency should be tested by demurrer and not by motion to strike.*—The sufficiency of a replication, which is not frivolous on its face, should be tested by demurrer and not by motion to strike it from the file.

4. *Same; same; pleading in ejectment.*—In an action of ejectment, where the defendant, by special plea, sets up that the suit was based upon a mortgage executed by the defendant to the plaintiffs on the lands sued for, and that the mortgage was paid and fully discharged before the bringing of the suit, a replication which sets up that prior to the institution of the suit the mortgage was foreclosed under the power contained therein, and the lands purchased by a third person to whom the mortgagees conveyed the lands by deed, and the said purchaser afterwards conveyed the lands to the plaintiffs, by virtue of which conveyance the plaintiffs were not the assignees of the mortgagees, but the owners of the land, is not frivolous and should not be stricken from the file on motion of the defendant.

5. *Sale; sufficiency of rejoinder; action of ejectment.*—In such a suit, a rejoinder to the plaintiff's replication that under the sale in the

[Williamson v. Mayer Bros.]

foreclosure of said mortgage the person who purchased the land was only the nominal purchaser, that he paid no consideration therefor, and that he only bought the lands for the purpose of re-conveying them to the plaintiff, sets up no defense, and should be stricken from the file on motion by the plaintiff.

6. *Purchaser at mortgage sale; right of his vendee to maintain ejectment against mortgagor.*—The fact that a third person who purchased the lands at a sale under the power contained in the mortgage was the nominal purchaser, and afterwards conveyed the lands to the mortgagees, does not operate as a mere assignment of the mortgage, but conveys the legal title to the lands to the mortgagees, and upon this title they can maintain ejectment against the mortgagor.

7. *Foreclosure of the mortgage; recitals in deed prima facie evidence of facts stated therein.*—The recitals in a deed to the purchaser at a sale under the power contained in a mortgage, as to the foreclosure and regularity of the sale, are *prima facie* evidence of the facts stated therein, as against the mortgagor and parties claiming under him.

8. *Ejectment; admissibility of deed conveying lands to defendant.*—In an action of ejectment, where the plaintiff derives title to the land sued for from the purchaser at a sale under the power contained in a mortgage, which was executed by the defendant, a deed to the lands in controversy, executed to the defendant prior to his execution of the mortgage, is irrelevant to any issue involved in the case, and is inadmissible.

9. *Same; difference in description of lands.*—In an action of ejectment, where the plaintiff's title is based on a conveyance to him by the purchaser of the lands sued for, at a sale under the power contained in a mortgage executed by the defendant on said lands, the fact that in the mortgage the lands were described by metes and bounds, while in the deed to the purchaser at the mortgage sale, and the deed from him to the plaintiff, and in the complaint the lands were described by land office numbers, is immaterial, where the evidence shows, without conflict that the lands sued for were the same as those described and conveyed in the mortgage; and this difference in the manner of description can not defeat plaintiff's right of recovery.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. C. K. ABRAHAMS, Special Judge.

This was a statutory action of ejectment, brought by the appellees, Mayer Brothers, against the appellant, M. M. Williamson, to recover possession of a tract of land, which was described in the complaint as follows: "The N. W.¼ of section 22, township 14, range 3 east, in Marengo county, Alabama;" and was commenced on February 17, 1896. In organizing the jury for the trial,

G. W. Westbrook, one of the jurors, upon his *voir dire*, testified that he was a first cousin to defendant's son-in-law; and he was, thereupon, excused by the court of its own motion. To this action of the court the defendant duly excepted.

The defendant pleaded the general issue and two special pleas. The first special plea was that of *res adjudicata*, in which the defendant set up that at the fall term, 1893, of the same court in which the present action was brought, the plaintiff brought an action of ejectment against this defendant, to recover the posses-sion of the same lands described in the present complaint; that in that suit the defendant pleaded the general issue and a special plea, in which she averred that the plaintiffs' suit was based upon a mortgage executed by the defendant to secure a debt, and that prior to the commencement of that suit, the mortgage debt had been paid and discharged; that issue was joined upon this plea; that judgment was rendered in said suit for the defendant; and that by the rendition of said judgment the question of payment *vel non* of the mortgage, which was the foundation of the plaintiff's claim to the land sued for, was decided in favor of the defendant.

The second special plea was as follows: "That the plaintiffs' suit was based upon a certain mortgage executed by defendant to plaintiffs, and that before the commencement of this suit the debt was fully paid and discharged." The plaintiff demurred to the plea of *res adjudicata*, upon the following grounds: "1. It shows upon its face that said former action was an action in the nature of an action of ejectment, while this action is an action in the nature of an action of ejectment. 2d. Because it does not show that the verdict and judgment in said former action were rendered upon the issue of payment of mortgage debt." To the second special plea the defendant demurred upon the ground that it does not show that the plaintiffs are suing in this action as mort-gagees, or that said mortgage debt was paid before the foreclosure of the mortgage. The court sustained the demurrer to the plea of *res adjudicata*, and overruled the demurrer to the plea of payment. Thereupon the plaintiffs filed a replication to the plea of payment, in which they averred that they were not suing as mortgagees,

[Williamson v. Mayer Bros.]

but they claimed title under a deed executed to them by the purchaser at the foreclosure sale of the mortgage. The substance of this replication is stated· in the opinion. The defendant moved to strike this replication from the file, and duly excepted to the court's overruling their motion. The defendant then filed a rejoinder to the plaintiffs' replication, in which she alleged that at the foreclosure·sale under said mortgage, William Cunninghame was only a nominal purchaser, and that he bought the lands for the express purpose of re-conveying them to the plaintiffs. The substance of this rejoinder is stated in the opinion. The plaintiffs moved to strike this rejoinder from the file, upon the grounds that it was immaterial and frivolous, and because it was a departure from the defendant's original defense. The court sustained this motion, and· the defendant duly excepted.

The plaintiffs introduced in evidence a mortgage properly executed to them on the 3d day of March, 1892, by M. M. Williamson and C. E. Suddath, and duly recorded, the granting clause of which contained the words "grant, bargain, sell and convey," and which conveyed the following described lands : "One hundred and sixty acres of land lying and being in Marengo county, Ala., known as the Williamson place, and bounded on the north by the lands of W. K. Thomas, on the south by the lands of W. S. Skinner, on the east by the lands of F. H. Skinner & Son, and on the west by the lands of .Monday McIntosh." The plaintiffs next introduced in evidence a deed from Mayer Bros. to William Cunninghame, properly executed on the 21st day of August, 1893, which conveyed the following described lands : "The N. W. ¼ of Section 22, Township 14, Range 3 East, in Marengo county, Alabama." The plaintiff next introduced in evidence a deed from William Cunninghame to themselves, properly executed on the 28th day of August, 1893, which conveyed the following described lands : "The N. W. ¼ of Section 22, township 14, Range 3 East, in Marengo county, Alabama." The plaintiffs then introduced as a witness George B. Thomas, who testified that he lived near Mrs. M. M. Williamson, and was acquainted with the Williamson lands and knew where they were situated ; and that at the time the mortgage aforesaid was executed to Mayer Bros. they were

bounded as follows : On the north by the lands of W.
K. Thomas and one Skinner; on the south by the lands
of Ann Watkins and W. S. Skinner; on the east by the
Bradford lands, and on the west by the lands of Monday
McIntosh ; that Ann Watkins bought her 40 acres of
land from W. S. Skinner, and that the Williamson lands
were in the N..W. ¼ of Section 22, township 14, Range 3
east, in Marengo county, Alabama; that he knew of no
other Williamson lands than those where she lived ; that
Mrs. Williamson had been living on these lands for
about seventeen years. Here plaintiffs rested.

The defendant then offered to introduce in evidence a
deed from F. A. Royal and wife to Carrol Williamson
and M. M. Williamson, properly executed on the 7th
day of March, 1870, and conveying the following de-
scribed lands : "The N. W. ¼ of section 22, township
14, range 3 east, in Marengo county, Ala." The plain-
tiffs objected to the introduction of the deed upon the
grounds that it was irrelevant and illegal testimony,
and the court sustained the objection and refused to per-
mit defendant to introduce the deed ; whereupon the de-
fendant duly excepted.

It was agreed and admitted by parties to the suit, as
recited in the bill of exceptions, that the mortgage sale
was regular ; "that the deed from the partners compos-
ing the firm of Mayer Bros. to Wm. Cunninghame, bear-
ing date August 21st, 1893, recited therein a sale in
strict compliance with the terms of said mortgage ; that
the law day of said mortgage was November 1st, 1892,
and that in conveying said lands the statutory words
'grant, bargain, sell and convey to said Mayer Bros.'
were written therein in the granting clause by said
M. M. Williamson, and that said mortgage contained
the provision 'that in case of a sale of said lands that
said Mayer Bros., their agent, attorney or assignee, may
bid thereat and become the purchaser the same as if
they were not parties to this instrument.' " This was
substantially all of the evidence, and the court at the re-
quest of the plaintiffs gave the general affirmative
charge in their behalf. The defendant duly excepted to
the giving of this charge, and also separately excepted
to the court's refusal to give the general affirmative
charge asked by her.

17

[Williamson v. Mayer Bros.]

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MILLER & KIRVEN, for appellant.

WILLIAM CUNNINGHAME, *contra.*—The error, if any, in excusing the juror, Westbrook, not being insisted upon in appellant's brief, will not be considered by the Supreme Court.—*Olmstead v. Thompson*, 91 Ala. 127. There was no error in sustaining plaintiff's demurrer to defendant's plea of *res adjudicata.*—Code of 1886, § 2714; *Jones v. DcGraffenreid*, 60 Ala. 145; *Boyle v. Wallace*, 81 Ala. 352; *Camp v. Forrest*, 13 Ala. 114. But, if the defense was open to appellant, it could have been made under the general issue which was pleaded, and defendant was not injured by the court's action.—*Richardson v. Stephens*, 114 Ala. 238; *Taylor v. Corley*, 113 Ala. 580. The Supreme Court will not review a refusal of a motion to strike out pleadings, which are only defective, not frivolous, nor a nullity.—*Espalla v. Wilson*, 86 Ala. 487; *Lankford v. Green*, 62 Ala. 314; 2 Encyc. of Pleading & Practice, 411, 412, note 1. Sustaining motion to strike the rejoinder was proper.—*Mewburn v. Bass*, 82 Ala. 622; *Powell v. Crawford*, 110 Ala. 299; 2 Jones on Mortgages, § 1871. There was no error in excluding the deed from F. A. Royal to Carrol and M. M. Williamson.—Code of 1886, § 1839; *Jones v. Reese*, 65 Ala. 134; 1 Jones on Mortgages, § 682. The court properly gave the general charge for plaintiffs.—1 Greenleaf on Evidence, (15th ed.), § 205; *Clements v. E. T., V. & G. R. R. Co.*, 77 Ala. 533; *Richardson v. Stephens*, 114 Ala. 228; *McKinnon v. Lessley*, 89 Ala. 625; *Matkin v. Marx*, 96 Ala. 501; *Chambers v. Ringstaff*, 69 Ala. 140; *Naugher v. Sparks*, 110 Ala. 572.

HARALSON, J.—1. There was no error in excusing the juror, Westbrook, on the ground that he was first cousin to the defendant's son-in-law. It is a duty of the trial court, as far as it can be done consistently, to see that fair and impartial trials are had, and may, to that end, of its own motion, reject a juror summoned, if it appears, under the circumstances, he is an unsuitable

person to serve.   A duty thus exercised, not arbitrarily, but apparently for good purposes in the interest of justice, will not be reviewed.—*The State v. Marshall*, 8 Ala. 302 ; *Fariss v. The Sate*, 85 Ala. 4 ; *Griffin v. The State*, 90 Ala. 599.

2.   The plaintiffs demurred to the defendant's plea of *res adjudicata*, on the ground, among others, that the former action was one in the nature of an action in ejectment, and the present action was one of the same nature.

A judgment in ejectment was never final at common law ; either party failing, might bring a new action, and the former judgment was not a bar to the last suit. This rule has been changed by statute in this State, to the extent, that two judgments in favor of defendant, between the same parties, in which the same title is put in issue, is a bar to any action for the recovery of the land, or any part thereof between the same parties or their privies, founded on the same title.—Code of 1886, § 2714 ; Code of 1896, § 1554 ; *Winston v. Hodges*, 102 Ala. 308 ; *Morgan v. Lehman, Durr & Co.*, 92 Ala. 440 ; *Camp v. Forrest*, 13 Ala. 117 ; Adams on Ejectment, 351. This cause seems to fall within this rule.   The first action was for the same land, and between the same parties as in the present suit, and the verdict and judgment were for the defendant.   The former was no bar to the present action.   If the jury found in the former suit, that the mortgage had been paid, that fact would not, more than any other finding under the general issue, which was pleaded also, bar the plaintiffs' right to bring another action for the land.

3.   The defendant in the present action, as in the former one, pleaded that the suit was based on a mortgage on said lands by defendant to plaintiffs, and that the same was paid and fully discharged before the bringing of this suit.   The plaintiffs replied to this plea, in substance, that they were not suing as mortgagees, but that they claimed title directly by a deed from Wm. Cunninghame ; that the mortgage mentioned in the plea had been foreclosed under the power of sale contained therein, and a deed was executed to Wm. Cunninghame, the purchaser at said sale, on the 21st of August, 1893 ; that said Cunninghame, the purchaser at said sale, executed a good and sufficient deed, and conveyed to

plaintiffs the premises sued for, on, to-wit, the 28th of August, 1893, and that this suit was brought after the execution of both of said deeds.

The defendant did not demur to this replication, and test its sufficiency thereby; but moved to strike it out, because insufficient in law, and was no answer to the plea. The court very properly overruled the motion to strike. The replication was framed, and intended to set up, that the mortgage having been foreclosed under the power, and the lands having been purchased by Cunninghame, to whom a conveyance was made by the mortgagees, and Cunninghame afterwards having conveyed the lands to plaintiffs, the plaintiffs by virtue of such conveyances, did not become the assignees of the mortgage, but the owners of the land, to the extent that the mortgagor had title thereto; and that they sued in this action, not as mortgagees, or as assignees of the mortgagees, but as the owners of the land.—*Matkin v. Marx*, 96 Ala. 501.

Granting that said replication was defective—a question we need not decide—yet it was not frivolous on its face, and its sufficiency should have been tested by demurrer, and not by motion to strike it from the file. *Powell v. Crawford*, 110 Ala. 295; *Lindsay v. Morris*, 100 Ala. 547; *Matkin v. Marx, supra*.

4. The defendant rejoined to this replication, that there was a mortgage executed by defendant to plaintiffs on the land in suit, and that under a sale on foreclosure of said mortgage, Wm. Cunninghame was only a nominal purchaser, and no consideration was paid by him for said lands, and that he only bought them for the purpose of reconveying them to the plaintiffs.

The court properly sustained the motion to strike this rejoinder. The fact that Cunninghame was the purchaser and a mere *conduit* of title from the mortgagees to him and back to themselves, after the mortgage was foreclosed, did not operate as a mere assignment of the mortgage; but it did operate to convey to plaintiffs the legal title to the land, by which they became the owners of the property, and on which they might maintain ejectment.

5. The case was tried on issue joined on the plea of not guilty, and on plaintiffs' replication to defendant's

plea of payment. The facts set up in this replication were precisely proved. The defendant in his rejoinder to plaintiffs' replication to the plea of payment, admitted the foreclosure, and the execution of the deed from the mortgagees to Cunninghame, and from him back to them. By the agreement of facts between the parties found in the transcript, it was admitted that the foreclosure sale was after default in the mortgage; that the mortgage which was foreclosed, contained a stipulation, "that in case of a sale of said lands, Mayer Bros., [the plaintiffs] their agent, attorney or assignees may bid thereat, and become the purchasers, the same as if they were not parties to this instrument;" and that the conveyance of said lands to plaintiffs by said Cunninghame, after his purchase at foreclosure sale, and the execution of the deed by plaintiffs as mortgagees after foreclosure to him, contained the statutory words, "grant, bargain, sell and convey to said Mayer Bros.", which evidenced a conveyance of the legal title to said lands after foreclosure, and not a mere assignment of the mortgage. The recitals in Cunninghame's deed as to the foreclosure and regularity of the sale, are to be taken as *prima facie* true.—*Naugher v. Sparks,* 110 Ala. 572.

6. There was no error in excluding the deed offered by defendant from F. A. Royal to the lands in suit to Carrol Williamson and herself, executed on the 7th of March, 1870. It was irrelevant and illegal evidence as to the issues in the cause. The later mortgage of defendant to plaintiff, its foreclosure and the conveyances following, had the effect to transfer to plaintiffs the title to whatever interests she had in the lands.

7. It is objected that the general charge should not have been given for the plaintiffs, on the ground that the lands mentioned in the mortgage were described by metes and bounds, and in the complaint by land office numbers. But, it is submitted, the evidence tended to show without conflict that the lands sued for were the same as those thus differently described in the mortgage—the two descriptions not being different in substance. Besides, in defendant's rejoinder to plaintiffs' replication, he admits that the lands sued for are the same as those described in the mortgage.

We find no error in the rulings of the court below, of which defendant can complain.

Affirmed.