# Jackson, *et al.*, *v.* Tribble.

## *Ejectment.*

(Decided June 4th, 1908. Rehearing denied July 3, 1908. 47 South. 310.)

1. *Ejectment; Pleadings.*—Under section 1530, Code 1896, an allegation in a complaint in ejectment that the plaintiff has the legal title to the premises sued for dispenses with the necessity of an allegation that plaintiff was possessed of the premises.

2. *Same; Pleading; General Issue.*—The plea of the general issue filed to a complaint in statutory ejectment operates as an admission by the defendant that he is in the possession of the premises and relieves the plaintiff of the burden of proving it.

.3. *Same; Abstract of Title; Sufficiency.*—The purpose of the statute is met if in response to the demand for an abstract of title an abstract was furnished which is sufficiently specific to inform the party making the demand of the title upon which his adversary will rely. The abstract in this case examined and held a sufficient compliance with the statute.

4. *Same; Evidence; Admissibility.*—Notes secured by a mortgage given by defendant on the land in the suit were competent evidence

to show that the debts secured by the mortgage were past due and unpaid, thereby putting an end to defendant's right to the possession of the premises.

5. *Same.*—Where the evidence showed that the loan had been repaid and the notes and mortgage returned to the plaintiff before the commencement of the suit, although it appears that the notes and mortgage had been hypothecated as security for the loan, and that a transfer had been endorsed on the mortgage leaving a blank space for the name of the transferee, it was not competent to introduce evidence that the name of the bank should occupy the blank space in the endorsement, since the transfer as made did not take the legal title out of the mortgagee, and he could maintain ejectment notwithstanding the transfer.

6. *Same; Damages; Set-off; Compensation for Improvement.*—In the absence of evidence affording an inference of adverse possession by the mortgagor against the mortgagee, the mortgagor was not entitled to set off the value of improvement made by him on the land against damages which the plaintiff was entitled to.

7. *Witnesses; Competency; Bills and Notes.*—A payee of a note is a competent witness to the execution of the note by a living payor.

8. *Same; Witnesses; Examination; Discretion of Court.*—While the rule of practice provides that only one counsel on each side shall examine a witness, it is within the irrevisable discretion to permit counsel to take up the examination of a witness after his client himself had questoned him to some extent.

9. *Bills and Notes; Execution; Signature.*—At common law a note might be signed by mark and a person may adopt a mark as his signature, and a signature by mark is valid though not attested since the statute does not require its attestation, and hence, the objection to the validity of the note that it was signed by mark without attesting witnesses is without merit, especially where it is not shown that the person signing by mark could not read.

10. *Appeal and Error; Harmles Error; Reception of Evidence.*—If it was error to permit notes to be introduced without proof of execution, it was rendered harmless by the subsequent introduction of evidence showing their execution.

11. *Mortgages; Power of Sale.*—The power to sell manifestly includes the power to convey, and the mortgagee is entitled to make a valid conveyance of title to a third person who is the purchaser although the mortgage is silent as to the power of the mortgagee to make a conveyance.

12. *Same; Conveyance by Mortgagee to Himself.*—Where a mortgage gives a mortgagee power to purchase at a sale and the power to make the sale, on becoming a purchaser at such sale, the mortgagee may make title to himself by the execution of a deed to himself.

13. *Same; Conveyance Under Power; Recitals in the Deed.*—The recitals in a deed given by a mortgagee to a purchaser at the sale showing compliance with the terms prescribed by the power of sale in the mortgage is prima facie evidence of the facts therein stated, as against the mortgagor, without proof aliunde the recitals.

C 31

14. *Same; Title of Mortgagee.*—The legal title to mortgaged premises under the common law, is in the mortgagee, and he may maintain ejectment thereunder without exercising the power of sale contained in the mortgage.

15. *Same; Redemption; Effect of Sale Under Power.*—A sale under the powers in a mortgage cuts off the equity of redemption as effectually without as with the execution of a deed, and leaves the mortgagor only the right of statutory redemption.

16. *Same; Ascertainment of Amount Due; Who Entitled.*—Section 1547, Code 1896, has no application to one who has become a purchaser at foreclosure sale under the powers contained in the mortgage; it applies only to the mortgagee.

17. *Charge of Court; Instructions Assuming Facts.*—Where the evidence is in conflict, charges which assume, as a matter of law, a fact which rests upon the party asking such instructions to prove, are properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Ejectment by George Tribble against Frank Jackson and another. From a judgment for plaintiff, defendants appeal. Affirmed.

The complaint was in the following language: "The plaintiff sues to recover possession of the following tracts of lands: [Describing it by survey]—of which he was in possession and has the legal title, and upon which, pending such possession, and before the commencement of this suit, the defendants entered and unlawfully withhold, together with $250 damages for detention." The second count was in the following language: "Plaintiff sues to recover possession of the following tracts of land: [Describing same]—to which plaintiff has the legal title and defendants entered thereupon and unlawfully withhold, together with damages for the detention." Demurrers were interposed, because it does not allege that plaintiff was in possession of the premises, pending possession, and before the commencement of this suit, defendants entered and unlawfully withhold; because the complaint is not in substantial conformity to the code form; and because it does not

allege that plaintiff was in possession of the premises sued for. Defendants filed the general issue, and special pleas by way of suggestion as to the amount due on the mortgage, and setting up fraud in the procurement of the mortgage.

The following is the abstract of title to which objection is made: "I, as attorney for George Tribble, beg to submit you the following abstract of title as per your demand on the 24th inst.: United States to Joseph Shackelford, entry; 1855. J. H. Shackelford and wife to James Massey, deed; 1857. James Massey by John McDonald, administrator, to W. F. Fulton, deed; 1878. W. F. Fulton to A. Beers and Robert Stephens, deed; 1852. A. Beers to Robert Stephens, deed; 1883. Robert Stephens to M. T. Sumner, deed; 1884. M. C. Cook, W. J. Cook, I. Walter, J. Brigman and wife, and T. J. Bowers and wife to M. T. Sumner, deed; 1884. Mary C. Beers, Robert and Mary L. Stephens to M. T. Sumner, deed; 1892. M. T. Sumner to Clifford Land Co., deed; 1887. Change of Clifford Land Company to South Birmingham Land Company. South Birmingham Land Company to J. B. Cobbs, trustee, and J. B. Cobbs, trustee, to Berney National Bank, deed; 1897. Berney National Bank to H. L. Badham, deed; 1897. H. L. Badham and wife to Maggie Reynolds, deed; 1898. J. M. Morris to Maggie Reynolds, deed; 1901. Maggie Reynolds and husband to Frank and Sophie Jackson, deed; 1901. Frank and Sophie Jackson to George Tribble, mortgagee, to George Tribble, foreclosure deed; 1906."

The following charge was given at the plaintiff's request: "The court charges you that you cannot give verdict for defendant for value of improvements claimed by defendant, and set value of said improvements off against any damage which you may find plaitiff entitled to if you find for the plaintiff."

. The following charges were refused to defendant: (11) Affirmative charge as to the first count. (15) "The court charges you that the wife cannot directly or indirectly become the surety for the husband, and that a mortgage executed by both the husband and wife on lands in which the wife owns a separate and undivided interest, whether or not said lands be a homestead, to secure the payment of the husband's notes or indebtedness, is absolutely void as to the wife's interest; and the court further charges you as a matter of law that the defendant Sophie Jackson owns a separate and undivided interest in the property or lands claimed by the plaintiff in this case." 19) "The court charges you that in the event you should find for the plaintiff, and also find from the evidence that the defendant Sophie Jackson's suggestion of three years' adverse possession of the property sued for has not been substantiated by the evidence, nevertheless it is your duty to ascertain whether the defendant Sophie Jackson has made any permanent improvement upon said property prior to the commencement of this suit;, that, if you should find from the evidence that such improvements have been made, it then becomes your duty to ascertain the value of said improvements, and to set off the same against the rents or damages claimed by defendants, if you find that plaintiff has been so damaged; and that, if you should find that the value of said improvements are equal to or greater than the rents or damages claimed by defendant, then the plaintiff would not be entitled to any damages at all, but that, if you should find that the value of said improvements are less than said rents or damages, all the damages the plaintiff would be entitled to would be the difference between said rents or damages and the value of said improvements." (22) "The court charges you, at the request of defendants, that where a party to

a suit has introduced material evidence of the facts, then the burden rests upon the opposing party to introduce competent evidence rebutting, qualifying, or explaining it, and that where such opposing party fails to adduce such evidence in rebuttal you have a right to consider such failure in reaching your verdict." (29) "The court charges you that the wife cannot directly or indirectly become a surety for the husband, and that a mortgage on land in which the wife owns a separate and undivided interest, although executed by both husband and wife, to secure the payment of the husband's notes or indebtedness, is absolutely void as to the wife's interest; and the court charges you as a matter of law that the defendant Sophie Jackson owns a separate and undivided half interest in the property or lands claimed by the plaintiff in this case."

JOHN W. and ROSCOE CHAMBLEES, for appellant. The court erred in overruling defendant's demurrers to the complaint.—*Bush v. Glover,* 47 Ala. 167. The court erred in admitting the mortgage in evidence.—*Prestwood v. Watson,* 111 Ala. 604. It was not included in the abstract of title furnished.—*L. & N. R. R. Co. v. Massey,* 136 Ala. 156. The abstract of title is not sufficient.— 1 Cyc. 213. The court erred in admitting the notes. The execution had not been proven.—*Garrett v. Garrett,* 64 Ala. 263; *Shrimpton v. Pice,* 102 Ala. 655. The payee was not a proper witness as to the execution of the notes.—*Carlisle, et al. v. Campbell,* 76 Ala. 247; *Ballow v. Collins,* 139 Ala. 544. The deed from George Tribble, mortgagee to George Tribble, purchaser, was inoperative and void.

C. D. RITTER, for appellee. No brief came to the Reporter.

DENSON, J.—Statutory action in the nature of ejectment for the recovery of land. Section 2611 of the Revised Code of 1867, provided that, in this statutory action, "it is sufficient for the plaintiff to allege in his complaint, that he was possessed of the premises sued for, describing the same by its description at the land office, or when that cannot be done, by metes and bounds, or other appropriate designation, and after his right accrued, the defendant entered thereupon, and unlawfully withholds and detains the same." The case of *Bush v. Glover*, 47 Ala. 167, was decided while the Revised Code was in force, and a complaint which failed to allege that the plaintiff was possessed of the premises sued for was held bad in that case.

Section 1530 of the Code of 1896, under which the complaint in the present suit is brought, and which relates to the same subject that section 2611 in the Revised Code of 1867 related to, provided that "the complaint is sufficient if it alleges that the plaintiff was possessed of the premises, *or has the legal title thereto.*" (Italics ours.) The alternative italicized, it will be observed, makes the difference between the two sections, and places the present case without the influence of the ruling made in *Bush v. Glovr, supra*. Count 2 contains the averments required by section 1530 of the Code of 1896, and is therefore not subject to the demurrer assigned to it.

The defendant pleaded the general issue, and this, by statutory provision, operated as an admission by defendant of possession of the premises and of course relieved the plaintiff of the burden of proving that fact. —Code 1896, § 1532.

The abstract of title, which the statute provides may be demanded in ejectment suits, should not be construed as meaning an abstract in the technical sense. The pur-

[Jackson, et al. v. Tribble.]

pose of the statute is met if, in response to the demand, an abstract is furnished which is sufficiently specific to inform the party making the demand of the title upon which his adversary will rely. The court is of the opinion that the abstract furnished in this case is sufficiently specific to cover the mortgage from the defendants to the plaintiff and the deed executed by the mortgagee, and that the trial court committed no error in overruling the objections thereto on this ground.

The notes offered in evidence were competent to show that the debt secured by the mortgage was past due and default in payment, thereby putting an end to the defendants' right to retain possession of the premises and clothing plaintiff with the right to enter.

There is no law in operation in this state prohibitory of the competency of a payee as a witness to testify to the execution of a note by a living payor. If the court committed error in first allowing the notes to be introduced without proof of their execution, the error was cured by the subsequent testimony showing their execution.

The objection that the notes were signed by Sophie Jackson by mark, and without an attesting witness to her signature, if good in any event, was not valid at the time it was made, because it had not been made to appear that Sophie could not write.—*Wimberly v. Dallas,* 52 Ala. 196. But there was a charge, requested and refused, which presents the question of the validity of a note signed by mark without an attesting witness. At the common law a note may be signed by a mark, and a person may adopt a mark as his signature. No mention is made in the Code of the manner of executing promissory notes, and therefore the judgment of the court is that section 1 of the Code is inapplicable to such notes.

—*Wimberly v. Dallas, supra; Bickley v. Keenan & Co.,* 60 Ala. 293; *Bates v. Harte,* 124 Ala. 427, 26 South. 898, 82 Am. St. Rep. 186.

The plaintiff offered in evidence a paper writing, purporting on its face to be a deed from George Tribble, mortgagee, to George Tribble (himself) as purchaser at a recited foreclosure sale made under the mortgage. The mortgage empowers the mortgagee, on default made in payment of any part of the debt, to sell the mortgaged premises after advertising, etc., and provides that the mortgagee may become the purchaser at the sale. There is no express authority given in the mortgage to the mortgagee to make title to the purchaser. But, as was said in *Lang v. Stansel,* 106 Ala. 389, 397, 17 South. 519, 521, "though the conveyance is silent as to the execution by him (the mortgagee) of a conveyance, the power to convey is manifestly included in the power to sell; otherwise, the sale would be incomplete, and the trust but partially executed."—27 Cyc. 1495. While this was said in respect to the power contained in a deed of trust given to secure a debt, it is equally applicable to a mortgage. Therefore, applying the principle to the mortgage here, had a third party been the purchaser at the sale made thereunder, we have no doubt that the mortgagee could have made a valid conveyance of title to him as such purchaser, under the power contained in the mortgage. Had he the authority to make the deed to himself as purchaser at that sale? In 1 Devlin on Deeds, § 420, it is said: "When the mortgagee has the power to purchase at a sale, and does become the purchaser, he has the power to execute a deed to himself which will convey the title." See, also, to the same effect, 2 Jones on Mortgages, § 1892; 27 Cyc. 1495; *Hall v. Bliss,* 118 Mass. 554, 19 Am. Rep. 476; *Woonsocket v. American Worsted Co.,* 13 R. I. 225; *Marsh v. Hubbard,*

50 Tex. 203. We have no decision on the question in this jurisdiction. In *Sanders v. Cassady & Blackwell,* 86 Ala. 246, 5 South. 503, it was left open. The reasoning employed by the Massachusetts court, in *Hall v. Bliss, supra,* is convincing to us that, the mortgagee being given the power to purchase at his own sale, he may, if he becomes such purchaser, make a valid conveyance to himself in that capacity as donee of the power in the mortgage.

In this case the proof shows that the mortgage was foreclosed by a sale under the power, and that the mortgagee became the purchaser and made a deed to himself. There is no proof, aliunde the recitals in the deed, that the terms prescribed by the mortgage were complied with; but the recitals of the deed show such compliance, and they are prima facie evidence of the facts stated therein, as against the mortgagor.—*Naugher v. Sparks,* 110 Ala. 572, 18 South. 45; *Williamson v. Mayer Bros.,* 117 Ala. 253, 23 South. 3. But, suppose there had been no deed executed to the mortgagee, who purchased at the sale; then, according to the common law, the legal title was already in him, and without a deed he might maintain ejectment.—2 Jones on Mortgages, § 1660.

Furthermore, the sale cut off the equity of redemption as effectually without as with a deed, and left the mortgagor only the statutory right of redemption, which might be exercised within two years from the sale. *Powers v. Andrews,* 84 Ala. 289, 4 South. 263; *Mewburn's Heirs v. Bass,* 82 Ala. 622, 2 South. 520; *Ward v. Ward,* 108 Ala. 278, 19 South. 354; *Woodruff v. Adair,* 131 Ala. 530, 32 South. 515; *Tipton v. Wortham,* 93 Ala. 321, 9 South. 596. On these considerations the relation of mortgagor and mortgagee was severed between the parties, and the plaintiff stands, in this suit, not in the attitude of a mortgagee, but of purchaser at

the foreclosure sale.   This being true, there is no room for the operation of the statute (Code 1896, § 1547) in respect to having the amount due on the mortgage indebtedness ascertained by the jury and stated in the judgment (*Matkin v. Marx*, 96 Ala. 501, 11 South. 633); and the motion for a new trial was by the lower court properly overruled.

The evidence shows that the plaintiff hypothecated the notes and mortgage to a bank as collateral security for a loan obtained.   A written transfer appears to be indorsed on the mortgage, but without the name of the transferee; the space for such name being left blank.   It was not competent to allow proof that it was intended the name of the bank should occupy the blank space in the indorsement.   The transfer did not take the legal title out of the mortgagee, and he could maintain ejectment—especially so when, in connection with the defect in the transfer, the proof shows the loan had been paid and the notes and mortgage returned to the plaintiff before the commencement of the suit.

Notwithstanding the rule of practice provides that "only one counsel on each side shall examine a witness," it is within the irrevisable discretion of the court to permit a party's attorney to take up the examination of a witness after the party himself has questioned the witness to some extetnt.

If the defendants are in position to show adverse possession in this cause, in the event the mortgage is valid (2 Mayfield's Dig. p. 85, §§ 187, 188; *Brunson v. Morgan,* 84 Ala. 598, 4 South. 589), there is no evidence in this case affording an inference of such possession. Consequently the court properly gave charge numbered 2, requested by the pialntiff.

The defendant's argument to show error in the court's refusal to give their charge numbered 11 goes on to the assumption that the burden rested on the plaintiff

[Jackson, et al. v. Tribble.]

to prove affirmatively the averment, in the first count of the complaint, of possession of the premises by the plaintiff. The assumption is a false one in this case, and, of course, the argument falls with it.

The refusal of the court to give charges 15, and 29 of the defendants' series may be justified on the ground that they are calculated to mislead a jury to believe that the court, in giving them, assumes as matter of law, that the suretyship of the wife is shown, whereas the burden of proof on that subject was on the wife, and the evidence cannot be said to be without conflict. Furthermore, the rulings in respect to these charges only affect Sophie Jackson, and it is doubtful if the assignments of error in respect thereto should be considered; no severance having been asked for.—*Bedell v. New England, etc., Co.*, 91 Ala. 325, 8 South. 494.

Charge 19 does not state the law correctly, and its refusal involves no error.—Code 1896, §§ 1536-1539.

Charge 22 is argumentative, and, besides, possesses the vice of not hypothesizing materiality of the fact of which the evidence is offered. Its refusal was proper.

We have already noticed that the transfer or hypothecation of the mortgage to secure the loan was ineffectual to pass the title to the land out of the mortgagee, plaintiff. Consequently no error follows the refusal of charge 32, requested by defendants.

No reversible error is shown by the record, and the judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.