# Hall *v.* Slaughter.

*Bill to Enjoin Ejectment and for Cancellation of Deed.*

(Decided June 18, 1908.   47 South. 103.)

1. *Mortgages; Words of Conveyance; After Acquired Title.*—Where the conveying clause of a mortgage uses the words, "transfer, sell and convey" and the mortgage contained a guaranty of the title, such mortgage if valid is sufficient to pass title acquired by the mortgagor subsequent to the execution of the mortgage.

2. *Ejectment; Defenses; Showing Title in Third Person.*—One not a trespasser, and who holds possession as the agent of one purchasing at a sale under a mortgage executed by the common source of title may set up an outstanding title in the mortgagee to defeat a suit at the instance of the common source of title or of his transferee by deed subsequent to the mortgage.

3. *Equity; Bill; Cancellation.*—The equity of a bill cannot be rested upon cancellation along independent of the other relief sought, where the bill was for the enjoining of an ejectment suit and for cancellation.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Howell Slaughter against Leslie Hall and another to enjoin an ejectment suit, and for cancellation of a deed. From a decree for complainant respondents appeal. Reversed and rendered.

CHARLES L. BROMBERG, and LESLIE HALL, for appellant. The bill is without equity and the demurrer should have been sustained.—*New England Mtg. Sec. v. Clayton,* 119 Ala. 361; *Buell v. Underwood,* 65 Ala. 385; *Martinez v. Lindsey,* 91 Ala. 334; *Johnson v. Beard,* 93 Ala. 96; *Hartley v. Matthews,* 96 Ala. 224; *Ward, et al. v. Ward, et al.* 108 Ala. 278; *Brewton v. Watson,* 67 Ala. 121; *Webb v. Mullen,* 78 Ala. 111; *Wisdom v. Reeves,* 110 Ala. 418; Sections 1035, 1040, 1844 and 983, Code 1896.

40 C

ERWIN & McALEER, for appellee. A court of equity will enjoin an ejectment suit when the mortgage as signed does not pass the legal title.—*Hudson v. Jackson,* 144 Ala. 411. Only an equity passed under the mortgage in question.—*Webb v. Mullen,* 78 Ala. 113. The mortgage was not void under section 2296 U. S. Rev. St.—*Smart v. Kennedy,* 123 Ala. 629; *Anderson v. Carkins,* 135 U. S. 453.

HARALSON, J.—The bill seeks to enjoin an ejectment suit pending, in which Hall and Williams are plaintiffs and Slaughter is defendant, and to cancel a deed to certain lands made by Williams to Hall. The appeal is from a final decree granting the relief sought.

Considered in any aspect, the bill is without equity. The complainant, Slaughter, and the respondent, Hall, claim from a common source—Williams. Hall claims by deed from williams, of date July 10, 1905; and Slaughter claims to have possession of the land as agent of D. R. Burgess who purchased at a sale under a mortgage executed by Williams to one Hunt, of date March 26, 1898, and assigned, February 19, 1899, to said Slaughter.

Thus the bill shows that Slaughter was not a trespasser. The mortgage from Williams to Hunt contains a clause guaranteeing the title, and the conveying clause uses the words, "transfer, sell and convey." So, if the mortgage was valid when executed, and, as contended by appellee, conveyed no more than an equity, it was sufficient to pass any after acquired title in Williams at once to Hunt; and when Williams obtained his patent to the land, his title so acquired passed to Hunt under the mortgage, if the mortgage was valid. Code 1896, § 1035; *Olds v. Marshall,* 93 Ala. 138, 8 South. 284; *Prewitt v. Ashford,* 90 Ala. 294, 301, 7

[Hall v. Slaughter.]

South. 831; *Swann et al. v. Gaston,* 87 Ala. 574, 6 South. 386; *Chapman v. Abrahams,* 61 Ala. 108; *Wagnon v. Fairbanks,* 105 Ala. 527, 17 South. 20. This being true, Slaughter could set up the outstanding title in Hunt to defeat either Williams or Hall in the ejectment suit.—*New Eng. Mortg. Sec. Co. v. Clayton,* 119 Ala. 361, 24 South. 362; *Matkin v. Marx,* 96 Ala. 501, 11 South. 633; *Morris v. Alston,* 92 Ala. 502, 9 South. 315. If, on the other hand, the mortgage from Williams to Hunt was void because of section 2296, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1398), Hunt acquired no title, equitable or legal, and Slaughter got nothing of title by the transfer.—*Barron v. Barron,* 122 Ala. 197, 25 South. 55.

The bill being to enjoin an ejectment suit, and for cancellation of a deed, its equity cannot be rested upon cancellation, independent of the other relief sought.— *Wilson v. Miller,* 143 Ala. 264, 271, 39 South. 178, 111 Am. St. Rep. 42.

It follows that complainant is not entitled to the relief sought, and the chancellor erred in granting it.

The decree of the lower court is reversed, and one will be here rendered dissolving the injunction and dismissing the bill.

Reversed and rendered.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.