# Cofer *v.* Schening.

### Statutory Action of Ejectment.

1. *Section 2759 of Code construed; non-suit with bill of exceptions.*—The right of plaintiff to suffer a non-suit, with bill of exceptions, under section 2759 of the Code, is limited to those rulings and decisions which are the proper matter of a bill of exceptions. It does not extend to rulings on demurrers or pleadings, which of necessity form parts of the record.

2. *The power of the judge of the Criminal Court of Jefferson county to issue writs of injunction.*—By Act of 1886-87, p. 836, the legislature of Alabama expressly conferred upon the judge of the Criminal Court of Jefferson county the like power and authority to issue writs of injunction which is conferred upon judges of the Circuit Courts.

3. *Title, and right of possession at the time of the commencement of the action, requisite to maintain ejectment.*—A plaintiff in ejectment can not recover, unless, at the commencement of the action, he has a legal title entitling him to the immediate possession. These, subsequently acquired, will not authorize a recovery.

4. *Right of possession intercepted by injunction.*—An action of ejectment by plaintiff with the legal title, but where right of possession was intercepted by a temporary injunction in force at the commencement of the action, though dissolved before the trial, can not be maintained.

APPEAL from Cullman Circuit Court.

Tried before the Hon. H. C. SPEAKE.

Statutory ejectment by Mollie M. Cofer against Christopher Schening.

This action was commenced October 30, 1888. The defendant pleaded the general issue, and, by special plea, that

Vol. 98.

[Cofer v. Schening.]

at the time of the commencement of this suit the plaintiff was restrained from the possession of the premises sued for by writ of injunction issued in a cause then pending in the Chancery Court of Cullman county, in which the said Christopher Schening was complainant and Mollie M. Cofer, plaintiff here, was defendant; that said injunction was issued and served on January 13, 1888. Upon the trial of the cause, as shown by the bill of exceptions, the plaintiff introduced in evidence three promissory notes, and a mortgage made to secure the same, which conveyed the land here sued for, and which were executed by Christopher Schening and his wife to one Baxter Shemwell. The notes and mortgage were executed on May 12th, 1887, and on the same day were transferred by indorsement by Baxter Shemwell to Mrs. Mollie M. Cofer, plaintiff in this suit. The defendant offered in evidence the transcript from the Chancery Court at Cullman county, Alabama, showing that on January 12th, 1888, the defendant, Christopher Schening, and others, filed a bill in the Chancery Court against Mary M. Cofer, the plaintiff in this suit, and Baxter Shemwell. The purpose of the bill was to cancel the notes and mortgage above described on the ground of fraud in their procurement, and the plaintiffs prayed for an injunction to enjoin the sale of the property involved in this suit. The certificate of said transcript, which was duly signed by the register, was in the following language : "I, Chas. J. Brown, register in chancery in and for said county and State, hereby certify that the foregoing pages, from one to thirty-seven, inclusive, contain a full, true, and correct transcript of said papers in the cause of Christ. Schening et al. v. Mollie M. Cofer et al. in said Chancery Court, and of the proceedings of said court upon the same. Witness my hand this 22d day of July, 1891." The plaintiff objected to the introduction of said transcript, because the proceedings shown therein were illegal, irrelevant, and immaterial, and because the certificate did not show that it was a full, complete, and correct transcript in said cause. The court overruled this objection, and plaintiff duly excepted. The transcript so introduced in evidence showed that the order of the register of the Chancery Court of Cullman county for the issuance of a writ of injunction prayed for in the bill was made by "Samuel E. Green, judge of the Criminal Court of Jefferson county, Alabama." The plaintiff objected to the order, "because the same was not made by any officer authorized under the laws of Alabama to grant an injunction." The court overruled this objection, and the plaintiff excepted. The

[Cofer v. Schening.]

testimony for the defendant further tended to show that on
January 13th, 1888, a writ of injunction was issued by the
register in chancery of the county of Cullman, after the ex-
ecution of a bond, in accordance with the order of Samuel
E. Green, judge, as aforesaid, and that the same was served
on the date of its issuance. It was further shown that on
November 17th, 1888, the chancellor granted the motion of
the defendant in the above-stated chancery suit, and dis-
solved the temporary injunction upon the denials of the
answers; and that on May 3d, 1890, the bill of complaint
was dismissed out of the Chancery Court. The cause was
tried, as is shown by the bill of exceptions, at an adjourned
term of the Circuit Court of Cullman county, that was held
from July 20th to July 25th, 1891. Upon the intruduction
of all the evidence, the court, upon its own motion, stated
to the attorneys of the defendant "that, in order to sustain
the action of ejectment, plaintiffs, at the commencement of
the suit, must not only have the right to the legal title, but
must have the right to the possession; and, it appearing
from the evidence that at the commencement of this suit,
plaintiff was enjoined from interfering with the possession,
if the defendant would ask the general charge, he would
give it." Thereupon the defendant requested the general
charge in his behalf. To this action of the court plaintiff
duly excepted, and then took a non-suit, with the privilege
of presenting a bill of exceptions. There were many rulings
of the court upon the pleadings, but the opinion of this court
renders it unnecessary to notice them in detail.

W. T. L. COFER, for appellant.

GEO. H. PARKER, for appellee.

(No briefs came into the hands of the reporter.)

STONE, C. J.—The statute (Code, § 2759), authorizing a
plaintiff to suffer a non-suit, and by bill of exceptions re-
serve adverse rulings of the trial court, for revision in this
court, has been uniformly construed as restricting such
power to those rulings and decisions, which are the proper
matter of a bill of exceptions, and which without such bill,
can not properly appear of record. It does not extend to
rulings and decisions on demurrers to pleadings, which of
necessity form part of the record.—3 Brick. Dig. 678, 357.
The assignments of error which refer to the rulings of the

[Cofer v. Schening.]

court on demurrers to the pleadings, are of consequence, not now before us for revision.

It may be that the certificate of the register authenticating the transcript of the record from the Chancery Court, is not very formal, or technical. Fairly and reasonably construed, it affirms that the transcript contains a full, true and correct copy of all the proceedings had in the court of chancery, and all the orders and decrees rendered in the particular cause. This satisfied all the requirements of the law, and the objection to the introduction in evidence of the transcript was properly overruled.—*Cargile v. Ragan*, 65 Ala. 287; *Clements v. Pearce*, 63 Ala. 286.

The act establishing the Criminal Court of Jefferson county, in express words, confers on the judge of the court, the like power and authority to issue writs of injunction, which is conferred upon the judges of the Circuit Courts. (Pam. Acts, 1886–7, p. 836, §5.) Similar statutes conferring such authority and power on inferior courts, limited in general jurisdiction to particular counties, have been construed as conferring the power and authority to issue such writs, or grant orders for the issue thereof, returnable into any court of the State, having jurisdiction.—*E. & W. R. R. Co. v. E. T., V. & G. R. R. Co.*, 75 Ala. 276. If in the present case, an inquiry into the power and authority of the judge of the Criminal Court to grant the order for the issue of the injunction could be pertinent, there can be no doubt of its existence.

A plaintiff in ejectment, or in the corresponding statutory real action, can not recover, unless at the commencement of the action he has a legal title, entitling him to the immediate possession. Title and right of possession subsequently acquired will not authorize a recovery.—2 Brick. Dig. 324, § 27. At the commencement of the suit the plaintiff had the legal title, but had not the right of possession. That right had been intercepted by the temporary injunction the defendant had obtained from the court of chancery. While the injunction remained of force, the right of entry and of possession could not be asserted elsewhere than in the court of chancery, without the order or decree of that court. An entry on the premises by the plaintiff, and possession of them, would have been a violation of the injunction, a contempt of the process and jurisdiction of the court, to the commission of which other courts should not aid or contribute. The subsequent dissolution of the injunction and dismissal of the bill, was not retroactive. The rule of the common law is inflexible, that the plaintiff in ejectment must

[Cofer v. Scroggins.]

recover upon the state of facts existing at the commencement of the suit. The subsequent occurrence of necessary facts, will not support the suit. If such facts had existed at the commencement of the suit, the defendant might have yielded to them, avoiding litigation.— *Goodman v. Winter*, 64 Ala. 410. The Circuit Court did not err in the charge given, and the judgment must be affirmed.

Affirmed.