# Tew, *et al. v.* Henderson.

### *Statutory Action of Ejectment.*

116 545
122 655
116 545
139 314

1. *Ejectment; pleading and practice; appearance of party is a waiver of service of process.*—In an action of ejectment originally brought against tenants in possession, where the landlord is made a party defendant upon motion of the tenants and appears and defends by counsel, an objection by one of the original defendants that process was not issued and served on the landlord, is not available; the ap-

pearance and defense of the action by the landlord being a waiver of service of process.

2. *Same; proper parties defendant.*—Where an action of ejectment is brought to recover lands which are practically in one body, the suit can be brought against all of the tenants in possession, although they each severally possess distinct and separate tracts of land.

3. *Foreclosure of mortgage; recital of deed prima facie correct.* Where lands are sold under a power contained in a mortgage, and are conveyed by regular foreclosure deed of the mortgagee, the recitals of such foreclosure deed are *prima facie* correct as to the regularity of the foreclosure.

4. *Execution of deed; validity of certificate of acknowledgment.* Where, in a certificate of acknowledgment to a deed, the word "they," which occurs between the words "being informed of the contents of the conveyance," and "executed the same," in the statutory form, is omitted, such omission is immaterial, and does not render the certificate invalid; the omission being self-correcting.

5. *Foreclosure of mortgage; deed by mortgagee passes title, whether sale conforms to the power or not.*—When a person claims as purchaser at a sale under a power given in a mortgage, and holds the mortgagee's deed to the land sold, such deed, if properly executed, passes to the purchaser the legal title, upon which he can maintain ejectment, without regard as to whether the power of sale, as given in the mortgage, was conformed to in the foreclosure.

6. *Vendor and purchaser; estoppel; ejectment.*—A vendor who conveys with warranty of title is estopped by his deed from setting up a prior conveyance as a defense to a suit in ejectment by a second grantee; and the tenants of such vendor claiming under him are likewise estopped.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This was a statutory action of ejectment, brought by the appellee, J. E. Henderson, against S. P. Lee and J. B. Collier.

On the trial of the cause, the defendant Lee moved the court to make his landlord, M. A. Collier, a party to the suit. Said motion was granted, and her attorneys accepted service of notice of the order of court making her a party on that motion. After this motion was granted, making M. A. Collier, as landlord of S. P. Lee, a party defendant, which motion, order and notice relates to all of the land sued for, the plaintiff, amended his complaint by adding thereto as a party defendant, J. A. Tew, and asked that notice or summons be issued to the said Tew. The cause was then continued without further proceedings or pleadings.

[Tew, *et al.* v. Henderson.]

At the next term of the court, Tew, having been served with a summons, notifying him he was made a party defendant to said suit, before pleading, moved to have his name stricken from the cause as a party defendant, upon the ground that he could not be thus made a party, and that his possession had no connection with, but was distinct and separate from, Lee and Collier. The evidence on this motion was, that he was in the independent possession of a tract of the land sued for, which was separate and distinct from that of S. P. Lee ; that he was not in the possession of any of the land that Lee was in possession of, and that he, Tew, held possession of his land under a rental contract entirely separate and distinct from that of said Lee, and that the rental contract of each was for the year 1896, and that the land in the possession of each was separate and distinct, and the rental contract was separate and distinct ; that the land so held by him and defendant Lee was all the land sued for, they holding different portions of the same, under different and distinct contracts, each made with M. A. Collier, the landlord. This was all the evidence on said motion. The court overruled the motion, and the defendant Tew excepted to this action of the court. Said Tew then moved the court to have M. A. Collier, his landlord, made a party defendant to the suit. Upon the hearing of this motion, the following evidence was introduced. All the facts set forth hereinabove, and the same evidence as on the motion to strike said Tew's name from the cause, and also that Tew was the tenant of M. A. Collier for the year 1896, and that his rent contract had no connection with the rent contract of Lee, and that the land he rented was separate and distinct from that of said Lee, and was different land from that which Lee rented, said Lee having rented only 82 acres, and Tew the balance of the land sued for, each under separate contract. Upon this evidence the court granted the motion to make said M. A. Collier a party defendant as such landlord, but refused to issue notice to her to come in and defend, as shown by the order of the court entered at the time the said motion was passed on ; the court holding that she had already appeared as to all the land sued for. To this action of the court the defendant Tew excepted. The defendants Lee and Tew then filed their pleas of disclaimer and other pleas separ-

[Tew, et al. v. Henderson.]

ately and severally; each pleading separately not guilty as to the land defended by himself.

The material facts of the case showing upon what title the plaintiff rests his right to recovery, and the grounds of defense, are sufficiently shown in the opinion. The certificate of acknowledgment to the foreclosure deed, made by W. D. Henderson and Charles Henderson to the plaintiff, followed the statutory form, setting out the names of the grantors in said deed; but omitted the word "they" between the words "conveyance" and "executed" and read as follows: "That being informed of the contents of this conveyance, executed the same," &c. The defendants objected to the introduction of this foreclosure deed in evidence, upon the ground that the acknowledgment was defective, because of the omission of the word "they." This motion was overruled, and the defendant duly excepted.

Upon the introduction of all the evidence, the court at the request of the plaintiff, gave to the jury the following written charge: (A.) "If the jury believe the evidence, they should find for the plaintiff against M. A. Collier for all of the land sued for, and against the defendant J. A. Tew for all the land sued for as to which he defends, and against the defendant S. P. Lee, for all the lands sued for as to which he defends." The defendants jointly and separately excepted to the giving of the charge, and also jointly and separately excepted to the court's refusal to give the general affirmative charge requested by them severally and jointly, and the following written charges: (4.) "If the jury believe the evidence they should find for the defendant Tew as to S. W. ¼ of S. E. ¼, Sec. 20, T. 9, R. 23." (5.) "If the jury believe the evidence they should find for the defendant M. A. Collier as to S. W. ¼ of S. E. ¼, Sec. 20, T. 9, R. 23."

There were verdict and judgment for the plaintiff. The defendants appeal, and assigns as error the several rulings of the trial court to which exceptions were reserved.

HUBBARD & HUBBARD, for appellants, cited *Gonzales v. Hukil*, 49 Ala. 260; *Curry v. Amer. Freeh. L. M. Co.*, 107 Ala. 429; *English v. Key*, 39 Ala. 113; *Hines v. Chancey*, 47 Ala. 637.

[Tew, *et al.* v. Henderson.]

HARMON & HARMON, *contra.*—The defendants can not set up an outstanding title in a stranger in a suit like this. Besides, the defendants Tew and Lee are conclusively estopped from denying the title of M. A. Collier, their landlord, and M. A. Collier, the other defendant, is equally estopped from denying the plaintiff's title in this case, because the mortgage executed by her to W. D. and Chas. Henderson contains covenants of warranty to the land sued for, and whether she had title at the time of the execution of the mortgage or not, any title subsequently acquired by her would inure to the benefit of the plaintiff. As between her and her tenants, and this plaintiff, neither the title of a stranger to the suit, nor any title that may be held by M. A. Collier, could defeat a recovery.—*Bishop v. Lalouette,* 67 Ala. 201; Bigelow on Estoppel, (5th ed.), 332; 3 Brick. Dig., 447, §§ 16, 17; p. 608, § 159.

HEAD, J.—Statutory ejectment brought by Henderson, originally, against S. P. Lee and J. B. Collier. Afterwards, Tew was made a defendant by amendment. On separate motions of Lee and Tew, M. A. Collier was made a defendant as their landlord. The defendant, J. B. Collier, disclaimed as to all the land sued for, and judgment was rendered against him without costs. Lee and Tew had possession of separate portions of the land, and each disclaimed as to the portion possessed by the other, and pleaded not guilty as to the portion possessed by himself. M. A. Collier, the landlord, declined to defend as to the land in the possession of Tew. Judgments were rendered against Lee and Tew, respectively, for the lands, respectively, disclaimed by them, without costs. It does not appear, in terms, what plea was interposed by M. A. Collier, but as there was a verdict against her for the lands, we take it that she pleaded not guilty as to all the land not in Tew's possession, as to which the record shows she declined to defend.

The objection raised by Tew that proceess was not issued and served upon M. A. Collier, his landlord, if it was a matter that concerned him, was of no avail, for the reason that she appeared and defended by counsel.

There was nothing improper in making Tew a party by amendment (Code of 1886, § 2833); but he raised the question whether he could be brought in and a recovery

had against him for a distinct portion of the land sued for, he having no connection with the rest, and the part in his possession being, as he proved, a separate and distinct tract from that occupied by Lee. We judicially know, however, if it be material, that the lands are, practically in one body. Under the·authority of *Rowland v. Ladiga*, 21 Ala. 9, the objection was not well taken. The practice seems to be recognized and enforced by section 2710 of the Code of 1886. See also *Morris v. Beebe*, 54 Ala. 300 ; *Shumake v. Nelms*, 25 Ala. 126.·

The plaintiff made title by introducing a mortgage, in due form, executed by the defendants, M. A. Collier and J. B. Collier, on September 22, 1893, conveying, with the exception of a particular 40 acres, which will be again referred to, the lands sued for and recovered by the plaintiff, to W. D. and Chas. Henderson, containing the statutory and an express warranty of title. In this mortgage, the name of one A. A. Collier, otherwise' shown to be a female, appeared as a co-mortgagor, and her name was affixed to·the instrument, but there was no such acknowledgment by her, as rendered it self-proving, and no attesting witness. If it was, in fact, executed by her it was, as to her, only an agreement to make a mortgage, enforceable only in equity. But, as will be seen, her connection with the instrument is of no importance in this case. This mortgage was regularly foreclosed, in strict conformity to the power of sale it contained, as appears from the recitals of the foreclosure deed which are *prima facie* correct, and the land sold and conveyed by the mortgagees, by a regular foreclosure deed, to the plaintiff. The omission of the word "they" in the certificate of acknowledgment to this deed, is immaterial. It is self-correcting.

We remark, in passing, that it is not material, in this action, whether the power of sale was conformed to or not, in the foreclosure,· since the mortgagees' deed to the plaintiff passed the legal title without regard to that question.—*Robinson v. Cahalan*, 91 Ala. 479.

The defendant, M. A. Collier, (and her tenants, Lee ·and Tew, under her), undertook to defend and maintain· an independent possession, in her own right, wholly unconnected with a title or right of possession of A. A. Collier, or any one else, by showing a mortgage executed by herself and J. B. Collier to Lehman, Durr & Co.

[Maxwell v. Pounds.]

in February, 1892, and a regular foreclosure deed there-under to A. A. Collier.   Upon principles too plain for discussion such a defense can not be allowed.   M. A. Collier is estopped by her own deed to set up against it an outstanding title created under such circumstances. Her tenants are likewise estopped.   We will not consume time in citing authorities on this proposition.

The rulings of the court in reference to A. A. Collier's title, to which exceptions were reserved, were wholly immaterial.

There was no error in any of the rulings upon instructions to the jury, except upon a sinple point.   The plaintiff sued for and recovered against M. A. Collier, with the other lands, the S. W. ¼ of S. E. ¼ of Section 20, Township 9, Range 23.   M. A. Collier defended as to all the land sued for, except that defended by Tew, which latter did not include this forty acres.   Plaintiff's muniments did not include this forty, hence he was not entitled to recover it.   The instruction which authorized its recovery was erroneous and must work a reversal.

Reversed and remanded.