# Graham v. Partee et al.

*Statutory Action of Ejectment.*

1.  *Maintenance of ejectment; estoppel of mortgagor.*—Where the
    owners of land executed a first and second mortgage thereon,
    and upon default there is a foreclosure by both of said mort-
    gagees, the mortgagors are estopped to dispute the title which
    they conveyed by their second mortgage; and in an action of
    ejectment against the mortgagors, by the purchaser at said
    foreclosure sale for the property conveyed in the mortgages,
    the plaintiffs show a title sufficient to base a recovery by prov-
    ing and introducing in evidence a deed from the second mort-
    gagor to him, as purchaser at the foreclosure sale.

2.  *Execution of written instrument by corporations; proof of exe-
    cution; admissible in evidence.*—When a corporate seal ap-
    pears to be affixed to an instrument, and the signature of the
    proper officers of the corporation are proven, courts will pre-
    sume that the officers had the authority which they exercised,
    and the seal itself is *prima facie* evidence that it was affixed
    by proper authority; and such instrument, upon such proof,
    is sufficiently executed and is admissible in evidence, although
    the name of the corporation itself is not signed thereto.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

This was a statutory action of ejectment, brought by
the appellant, Benjamin Graham against the appellee,
A. M. and Emma J. Partee, to recover the possession of
certain lands specifically described in the complaint.

The basis of the defendant's claim to the lands sued
for and the other facts of the case are sufficiently stated
in the opinion.

Upon the introduction of all the evidence, the court re-
fused to give the general affirmative charge requested by
the plaintiff, and gave the general affirmative charge
requested by the defendants. To each of these rulings
the plaintiff separately excepted.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. R. NELSON and HUGH NELSON, for appellant.—The mortgagors can not set up against the title that passed by the mortgage to Loan Company of Alabama, the superior title of the American etc. Mortgage Company claimed to be outstanding.—*Denby v. Millgrew*, 58 Ala. 149; *Cotton v. Carlisle*, 85 Ala. 175; *Marks v. Robinson*, 82 Ala. 96; 10 Amer. & Eng. Encyc. of Law, (2d ed.) 506.

The power of attorney offered in evidence was not sufficiently executed.—*Jinwright v. Nelson*, 105 Ala. 404.

BURNETT, HOOD & MURPHREE, *contra*, cited *Elliott v. Coal Co.*, 108 Ala. 640; *Standifer v. Swann*, 78 Ala. 569; *Swann v. Gaston*, 87 Ala. 569.

DOWDELL, J.—There is nothing in the suggestion in argument by counsel for appellees that the bill of exceptions was signed out of time. It appears from the record that the bill was signed in vacation, but within the time fixed by the order of the court. No motion was made either before or at the time of the submission of the case to strike from the bill of exceptions, what purports to be a contract executed by Emma J. and A. M. Partee for want of a sufficient identification, and the cause having been regularly submitted on the merits, the insistence in argument to strike out the contract comes too late. Moreover, it appears from the bill of exceptions that the contract as set forth was regularly introduced in evidence.

The plaintiff in support of his right to recover the possession of the land sued for, introduced in evidence, as showing title in himself, two mortgages duly executed by the defendants, the first on the 21st day of February, 1900, to the American Freehold Land Mortgage Company of London, Limited; and the second to the Loan Company of Alabama, on the .... day of February,

1900. He then introduced in evidence in order, the fore-closure proceedings had under the powers contained in the mortgages, showing the advertisement, sale, and the purchase by him at said sale, which were in all respects regular; the final affidavit of Emma J. Partee made in obtaining the loan for which the mortgage was given to secure; the receipt of the defendant for the amount of the loan; the contract of the defendants with the Loan Company of Alabama for securing for them the loan. The bill of exceptions then recites: "The plaintiff here introduced a deed executed by the American Freehold Land Mortgage Company of London, Limited, by Francis John Patton, its attorney in fact, also, the Loan Company of Alabama to Benjamin Graham, executed on the 26th day of August, 1901, conveying the S. W. ¼ of Sec. 6, T. 9, south of Range 9 east of Huntsville, Meridian, and recorded," etc., following this the deed is set out. The deed is signed,—"The American Freehold Land Mortgage Company of London, Limited. (Seal.) by Francis John Patton, attorney in fact." "Loan Company of Alabama. (Seal.) by W. R. Nelson, President." The execution is duly attested and acknowledged. The bill of exceptions then recites: "The plaintiff then introduced a power of attorney executed by the American Freehold Land Mortgage Company of London, Limited, on the 21st day of June, 1893, by E. Brodie Hoare, W. M. Cunninghame, Directors, Ernest A. Bullock, Secretary, to Cornelius Cuyler, Benjamin Graham, and Francis John Patton in words and figures as follows, to-wit." Here the power of attorney is set out, which is in the name of the American Freehold Land Mortgage Company of London, Limited, a corporation duly organized and existing under and by virtue of the laws of Great Britain, and which in terms authorizes the execution of the power confided, by any one of the grantees named therein. The testimonial clause of the power of attorney is as follows, to-wit: "In witness whereof the American Freehold Land Mortgage Company of London, Limited, has caused its corporate seal to be affixed to these presents, and the same to be attested, it having no president,

by its chairman, and also by one other of its directors, and by its secretary, at the said city of London, this the 21st day of June, in the year one thousand eight hundred and ninety-three." The names of E. Brodie Hoare, W. M. Cunninghame, Directors, and Ernest A. Bullock, Secretary, are subscribed to the instrument, with the seal attached bearing the impress, "The American Freehold Land Mortgage Company of London, Limited, Seal", with additional attestation by two witnesses. Accompanying and attached to the instrument is a certificate of the United States Consul General at London to the sworn statement of E. Brodie Hoare, taken before the Consul General, proving the official character of the parties signing the instrument, the genuineness of the seal, and that the same was affixed by the authority of the corporation; also, an acknowledgment in due form by the parties executing said instrument, taken by the United States Consul General at London, England, on the 21st day of June, 1893. In addition to all of this, there was, also, attached a certificate by Ernest A. Bullock, Secretary, "that the foregoing is contained in the minutes of a meeting of the board of directors held at the office of the company the 21st day of June, 1893.— For the American Freehold Land Mortgage Company of London, Limited,"—signed, Ernest A. Bullock, Secretary. This instrument was duly recorded in the office of the judge of probate of Cherokee county, Alabama. The defendant objected to the introduction in evidence of the said power of attorney, and for grounds of their objection assigned the following: "1st. Because the parties executing the said power of attorney showed no authority and power to execute the same. 2d. Because said power was not executed by the president of the corporation; because said power was not executed by the corporation. 3d. Because said power of attorney does not show that it was executed by any one authorized to do so by the said American Freehold Land Mortgage Company of London, Limited; because the name of said corporation is not signed to said power of attorney." The court sustained the objection, and the plaintiff duly excepted to the ruling of the court. On the foregoing state

of the evidence as to title, the defendants not offering any, the court at the request of the defendants in writing, gave the general charge in their favor, and to which action the plaintiff excepted. The defendant's objection to evidence was confined to the power of attorney offered by the plaintiff, and on the specifice grounds as stated. After the exclusion by the court of the power of attorney on defendant's objection, there was left in evidence before the jury, the two mortgages executed by the defendants, the foreclosure proceedings, and the deed executed to the plaintiff under the foreclosure, which was jointly executed by the Loan Company of Alabama, by its president, with the American Freehold Land Mortgage Company. It is true that the Loan Company mortgage is a second mortgage, and that the Freehold Land Mortgage Company mortgage is superior, but the defendants are estopped to set up the defense of superior outstanding title.—Jones on Mortgages, (2d ed.) § 719; The mortgagors cannot dispute the title which they conveyed by their mortgage to the Loan Company, and this title, the Loan Company conveyed by its deed to the plaintiff. As showing title in the plaintiff upon which to base a recovery of the possession of the land against the defendants, mortgagors, this was sufficient.—*Jones v. Reese*, 65 Ala. 134. See also *Lang v. Stansell*, 106 Ala. 389; *Tew v. Henderson*, 116 Ala. 545. The court erred in giving the general charge for the defendants, and should have given it for the plaintiff as requested. But as the question of the proper execution of the power of attorney by the American Freehold Land Mortgage Company to the person who executed the foreclosure deed to the plaintiff on behalf of the Freehold Company, is now presented and will doubtless arise on another trial, we will now consider and pass upon the same. That the power of attorney as set out in the record is not the act of the individuals executing it, but that of the corporation, is, we think, quite clear. It purports on its face, both in the statement at the beginning, and in the testimonial clause, to be the act of the American Freehold Land Mortgage Company of London, Limited. The

attesting clause shows also that the corporation had no
such officer as a president, and that the execution was
by its chairman, and one other of its directors, and by
its secretary. The corporate seal is also attached and is
used as the signature of the corporation. In the case of
*American Savings & Loan Association v. Smith,* 122
Ala. 505, it was said in an opinion by the present Chief
Justice: "The testimonial to the instrument reciting
that 'the said party of the first part (the Oxana Build-
ing Association) hereunto sets its hand and seal the day
and year first above written by its president, B. F. Saw-
yer, who is fully authorized to execute this mortgage,"
had the corporate seal been attached the presumption
would have been that the president had the authority to
execute the conveyance, and the seal itself would have
been *prima facie* evidence that it was affixed by proper
authority," citing *Thorington v. Gould,* 59 Ala. 465; *Jin-
wright v. Nelson,* 105 Ala. 405. In the case last above
cited, it was said: "When the corporate seal appears to
be fixed to an instrument, and the signatures of the
proper officers are proved, (which is shown in the pres-
ent case), courts presume that the officers had the au-
thority which they exercised, and the seal itself is *prima
facie* evidence that it was affixed by proper authority."
It was also said in this case, on page 404, preceding the
above quotation, that "the name of the corporation must
be subscribed or signed to the conveyance, and it must
be subscribed or signed by an officer or an agent having
authority in writing." Citing, *Standifer v. Swan,* 78
Ala. 88; *Swan v. Gaston,* 87 Ala. 569; and § 1789 on the
Code of 1886, which is the same as section 982 of present
Code of 1896. This last quotation from *Jinwright v. Nel-
son,* and the cases there cited of *Standifer v. Swann* and
*Swann v. Gaston,* are relied on by appellees here in sup-
port of the ruling of the court below. In *Swann v. Gas-
ton, supra,* the instrument in question was signed "by
J. C. Stanton, general superintendent and attorney in
fact." It does not appear that any seal of the corpora-
tion was attached. The court said: "There being no
evidence of any written authority from the governing
body of the company, for which Stanton purported to

[Graham v. Parlee .et al.]

act as agent, to execute the deed, it conveyed no legal title or estate to the defendant." Citing *Standifer v. Swann*, 78 Ala. 88. In this last case, as in 87 Ala., the instrument in question purported to be signed by the Railroad Company, "by J. C. Stanton, general superintendent and attorney in fact." No corporate seal was attached, so far as it appears from the report of the case. This court there said, speaking through SOMERVILLE, J.: "In this State, all conveyances for the alienation of lands are required to be written or printed on parchment or paper, and must be signed at their foot by the grantor, or contracting party, and if the conveyance is made by an agent, he is required by the statute to have 'a written authority,'" citing section 2145 of the Code of 1876, which is the same as section 982 of the present Code. * * "It is manifest that no body corporate can appoint an agent to convey lands, except by the vote of its directors, or other managing board, in whom the power to sell may be reposed by charter, or by general law. The defendants have failed to produce any corporate proceedings, or minutes, showing the appointment of Stanton as agent of the railroad company, with authority to sell and convey the lands. This was the best and only legal evidence of such authority, and in the absence of it, the deed from Stanton would be no evidence of title, but only color of title," etc. It is to be observed, that in these two cases no corporate seal was affixed to the instrument, and there was no evidence otherwise of authority in the agent. Nothing is said as to the necessity of subscribing the name of the corporation to the instrument in order to give it validity. In the case of *Savannah & Memphis Railroad Co. v. Lancaster*, 62 Ala. 555, the deed in the statement at the beginning purported to be by the Railroad Company, and the testimonial clause was as follows: "In witness whereof, the said party of the first part has caused its corporate seal to be hereto affixed, and these presents to be signed by its President, Samuel G. Jones, and its Secretary Samuel E. Hall, in the presence of James M. Muldon and William D. Dunn, who subscribed their names thereto as witnesses on the

day and year first above written." Signed—"Samuel G.
Jones, President, (Seal.)" "Samuel E. Hall, Secretary,
(Seal.)" The name of the corporation was not sub-
scribed or signed to the instrument. The failure to do
so was urged by counsel in argument against the validity
of the deed, citing the statute requiring conveyances to
be signed "at the foot" by the contracting party. This
court speaking through MANNING, J., said: "The sec-
tions of the Code which require conveyances to be
'signed at their foot by the contracting party or his
agent having a written authority, and dispense with
seals to them,' cannot have been intended to embrace
conveyances by corporations, which, being unable to
write and have signatures of their own, have always exe-
cuted such instruments by causing their seals to be
affixed to them. To have a seal for such purposes has
not only been the uniform usage of these bodies politic,
but the right 'to use a common seal, and to alter the same
at pleasure,' is expressly conceded to them by our stat-
ute." The deed was held to have been well executed.
"A deed by a corporation is in proper form if expressed
to be by the corporation, naming it, by their agent, nam-
ing him, and concluding, 'In witness whereof, they,'
naming the company, 'by their agent, having hereunto
set their seal, and the said agent hath hereunto sub-
scribed his name.' "—4 Thompson's Com. on Corpora-
tions, § 5090, and note 3; *Flint v. Clinton*, 12 N. H.
430; 2 Cook on Stockholders & Corporation Law,
§ 722 p. 153, note 1. "In like manner the following
was well executed, as a deed of a corporation:
'In testimony whereof, said party of the first part, have
caused these presents, and their common seal to be here-
to affixed. A. B. President,' and a corporate seal." Note
3 of above citation.

In *Thorington v. Gould*, 59 Ala. 468, it is said:
"Courts are to presume that officers did not exceed their
authority, and the seal itself is *prima facie* evidence that
it was affixed by proper authority." Our conclusion
is, that the instrument creating the power of attorney,
which was excluded from evidence, was sufficiently exe-
cuted, and the failure to subscribe the name of the com-

pany, and this is the principle objection insisted on, did not render it inadmissible in evidence. The judgment will be reversed and the cause remanded.

Reversed and remanded.