[Carter *et al.* v. Smith.]

# Carter *et al. v.* Smith.

## *Statutory Action of Ejectment.*

1. *Ejectment; what necessary for plaintiff to recover when title based on sheriff's deed.*—In an action of ejectment where the plaintiff bases his right of recovery upon a sheriff's deed made after a sale under an execution, it is necessary in order for the plaintiff to recover, for him to show that there was a valid judgment, execution, levy, sale and deed, and that the defendant, in the judgment to whose title plaintiff succeeded, had an estate or interest in the lands which was subject to levy and sale.

2. *Judgment; amendment nunc pro tunc.*—Where a judgment is amended nunc pro tunc, an execution issued upon said judgment properly recites the date of the original judgment as the date of the rendition of the judgment on which it was issued; and such an execution is admissible in evidence in an action of ejectment by the purchaser at a sale under said execution to recover the lands so sold.

3. *Mortgage; assignment thereof; title does not revest by erasure of assignment.*—Where a mortgage is assigned by the mortgagee endorsing the assignment on the back of such mortgage, which assignment is duly acknowledged before a notary, and subsequently the assignee redelivered the mortgage to the mortgagee, and erased from the assignment endorsed thereon, the name of the assignee, such erasure and delivery of the mortgage does not have the effect to reinvest the title in the mortgagee, but the title remained where the assignment had placed it.

4. *Ejectment; purchaser of equity of redemption.*—The purchaser of the equity of redemption at a sheriff's sale can maintain ejectment against the mortgagor, and the mortgagor is not allowed to set up an outstanding title in the mortgage to defeat such action; but such purchaser cannot maintain an action of ejectment against the mortgagee.

5. *Action of ejectment; admissibility of evidence.*—In an action of ejectment brought by the purchaser at a sheriff's sale against one who claims under a mortgage, it is competent for the defendant to show that whatever title the defendant in

[Carter *et al.* v. Smith.]

execution owned, it passed from him before the levy and sale under the execution to plaintiff, and this is true, although the mortgage was assigned after the suit was commenced, in which the judgment was recovered upon which execution issued.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. C. RICHARDSON.

This was a statutory action of ejectment brought by the appellee, Mary R. Smith, against George M. Carter, J. J. Carter and Ella. V. Carter, to recover certain lands specifically described in the complaint; the court based its claim of title, and its right of recovery of the lands in suit to a sheriff's deed purporting to convey said lands, which deed was made to the plaintiff as purchaser at the sheriff's sale of said lands under an execution issued under a judgment recovered against one A. R. Carter.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the general affirmative charge in her behalf, to the giving of which charge, the defendant duly excepted. There were verdict and judgment for the plaintiff.

The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

G. R. FARNHAM & J. F. JONES, for appellant.—To recover under a sheriff's deed, "plaintiff must show or prove, a judgment, levy, sale, deed and possession by defendant in execution at the time of the levy and sale.— *Elliott v. Dycke,* 78 Ala. 150. Plaintiff must show that the defendant in the judgment, to whose title he succeeds, has an estate or interest in the lands which was subject to levy and sale.—*Mickle et al. v. Montgomery,* 111 Ala. 115; Id. 418; *Ala. Min. Land Co. v. Baker,* 119 Ala. 351.

No counsel marked appearing for appellee.

[Carter *et al.* v. Smith.]

DENSON, J.—"To authorize a recovery on a sheriff's deed in an action of ejectment, there must be a valid judgment, execution, levy, sale and the deed." It must also be shown by the plaintiff that the defendant in judgment, to whose title plaintiff claims to succeed has an estate or interest in the lands which was subject to levy and sale.—*Carrington v. Richardson,* 79 Ala. 101; *Mickle v. Montgomery,* 111 Ala. 415, and authorities there cited.

In this case the plaintiff, Mary R. Smith offered in evidence a judgment which was rendered by the circuit court of Conecuh county, on the 9th day of October, 1901, in favor of W. E. Smith, against A. R. Carter & Co., and in connection with the judgment a motion made by plaintiff in the judgment, at the spring term, 1902, of said court, to amend the judgment *nunc pro tunc,* and also the judgment of the court rendered at the Spring Term, 1902 on said motion purporting to amend the judgment. This record evidence was introduced without objection. Plaintiff then offered as evidence an execution on the judgment which bears date of issuance April 22nd. 1902. To this execution as evidence the defendant objected upon the ground, that it showed that it was issued on the original judgment obtained in October, 1901, and not on the judgment as amended at the spring term, 1902.

"The object of a judgment *nunc pro tunc* is not the rendering of a new judgment, but only placing in proper form on the record the judgment that had been previously rendered. Hence, for many purposes, such judgments are made to relate to, and take effect from, the time when the judgment was erroneously (originally) rendered." In this case we think the execution properly recited the the date of the original judgment as the date of the rendition of the judgment on which it was issued. The objection was properly overruled.—*Dumas v. Hunter,* 30 Ala. 188; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268.

The execution was levied by the sheriff on the lands described in the complaint, as the property of A. R. Carter, and after advertisement, sale was made of the property to satisfy the execution. At the sale the plaintiff, Mary R. Smith, became the purchaser, and the sheriff executed her a deed to the property which deed was offered in evidence. Plaintiff then offered in evidence a deed from H. S. Derby and Jennie Derby to A. R. Carter, the defendant in execution to the lands sued for, the deed bears date December 24, 1898, and was recorded in the office of the judge of probate of Conecuh county, the 20th day of August, 1901. There was proof that A. R. Carter went into possession of the property conveyed by the deed about the 1st of January, 1899, and remained in possession several years.

The proof for the defense showed that the defendant George M. Carter was in possession of the land sued for at the time the suit was commenced, and that his co-defendants, who were his father and mother, lived with him on the land, that he went in possession in November, 1901, and had been in continuous possession since that date. After proving its execution, the defendant, George M. Carter, offered in evidence a mortgage covering the premises sued for, executed by A. R. Carter to him on the 14th day of September, 1901. This mortgage was recorded in the office of the judge of probate of Conecuh county on the 7th day of October, 1901. The law day of the mortgage was October the 1st, 1901. It was shown that A. R. Carter was in possession of the property when he executed the mortgage and that he delivered the possession to George M. Carter about November 1st, 1901. There was proof of the consideration of the mortgage.

This mortgage was assigned by the mortgagee to J. F. Jones on December 11th, 1902, and the assignment was endorsed on the back of the mortgage, and was duly acknowledged by the mortgagee before a notary public. The mortgage with the assignment as written and executed was delivered by the mortgagee to J. T. Jones, and undoubtedly passed the title that the mortgagee had in the lands to the assignee. Jones testified that in December, 1902, he had some claims amounting to several hun-

27c

dred dollars, for collection against George M. Carter and agreed with Carter that if he would secure him he would advance him the money to pay the claims, and that in accordance with the agreement the assignment of the mortgage was made by Carter and the mortgage was delivered to him (Jones). That after the mortgage was delivered, but before Jones had let Carter have any money, Carter came to him and paid the claims off and that he then turned the mortgage back to Carter. He further testified that he made the erasure on the assignment. It appeared that the name of the assignee had been erased. Jones testified that he never reconveyed the property to Carter. The erasure of the name of the assignee and the delivery of the mortgage back to Carter did not have the effect to reinvest the title in him, but the title rested where the assignment placed it.—*Gulf Red Cedar Lumber Co. v. O'Neal, et al.,* 131 Ala. 117.

It has been observed that the execution offered in evidence was issued and levied after the execution by A. R. Carter of the mortgage to George M. Carter and after the law day of said mortgage, and after the possession had been delivered to George M. Carter under the mortgage. At the time the levy and sale was made, the defendant in execution had only an equity of redemption. This by express provision of the statute, Code 1896, § 1890, was subject to levy and sale under execution, and while under the statute the purchaser is subrogated to all the rights of the defendant, by the same statute he is subject to all his disabilities.

As against the mortgagor the purchaser of the equity of redemption at sheriff's sale may maintain ejectment, and the mortgagor will not be allowed to set up an outstanding title in the mortgagee to defeat the action. But the action could not be maintained against the mortgagee.—*Cotton v. Carlisle,* 85 Ala. 175; *Marks v. Robinson,* 82 Ala. 69.

Under the evidence, the plaintiff, at the commencement of this action, as against the defendant, George M. Carter, neither had the title nor the right to the posses-

sion, hence, he was not entitled to recover.—*Cofer v. Schening*, 98 Ala. 338; 2 Brick. Dig. p. 324, § 27.

The defendant Carter went into possession under the mortgage and held under it, and it was competent evidence to show that whatever legal title A. R. Carter owned had passed from him before the levy and sale under execution notwithstanding the mortgage was assigned to Jones, it having been assigned after the suit commenced.—*New England Mortgage Security Co. v. Clayton*, 119 Ala. 361; *Cooper v. Price*, 123 Ala. 392.

We have in our consideration of the case, assumed that the mortgage was valid, at least under the evidence, the court could not as matter of law instruct the jury that it was invalid.

From the foregoing it follows, that the court erred in giving the affirmative charge for the plaintiff and the judgment of the circuit court must be reversed.

Reversed and remanded.

MCCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.