(113 So. 617)

**WADE et al. v. BANK OF GAYLESVILLE.**

(7 Div. 752.)

Supreme Court of Alabama.   June 30, 1927.

1. Mortgages ⬤137, 187—Mortgagor owns fee, and is entitled to possession as against all except mortgagee with legal estate and privies.

As against all the world except mortgagee having legal estate and his privies, mortgagor is owner of fee, and entitled to possession and use of mortgaged property.

2. Mortgages ⬤213—One acquiring mortgagor's equity of redemption may maintain ejectment against mortgagor, in which action latter cannot set up title of senior mortgagee.

One acquiring mortgagor's equity of redemption whether before or after default in paying senior mortgage debt stands in mort-

gagor's shoes, and may maintain ejectment to recover possession against mortgagor himself, in which action mortgagor cannot set up title of senior mortgagee.

**3. Mortgages ⊸213—Junior mortgagee, entitled to possession on mortgagor's default, may recover in ejectment on mortgage deed without foreclosure.**

Where mortgagor's default gives to junior mortgagee right of possession, latter may recover in ejectment on strength of mortgage deed alone without foreclosure.

**4. Mortgages ⊸213 — Provision of senior mortgage requiring mortgagor to cultivate and repair property and commit no waste cannot protect mortgagor against effect of grant of subsequent mortgage.**

Provision in senior mortgage requiring mortgagor to cultivate property, keep premises in good condition, and commit no waste, though binding on mortgagor, his assignees and alienees, cannot protect him against effect of grant of subsequent mortgage, since latter mortgage conveyance estops him to deny its legal effect.

**5. Judgment ⊸743(2) — Decree for junior mortgagee, restraining mortgagor from cutting timber, held res judicata of validity of mortgage in ejectment between them.**

Chancery decree enjoining mortgagor from stripping land of timber, in suit by junior mortgagee, *held* res judicata as to validity of junior mortgage in junior mortgagee's action of statutory ejectment after alleged foreclosure and purchase by him, against mortgagor in possession.

**6. Bankruptcy ⊸433(5)—Discharge in bankruptcy does not discharge and release mortgage executed by bankrupt within four months before filing petition.**

Discharge in bankruptcy *held* not to effect discharge and release of mortgage executed by bankrupt within four months before filing of petition, though such discharge will prevent rendition of any personal judgment for deficiency on foreclosure.

**7. Bankruptcy ⊸433(5)—Lien of mortgage executed within four months before bankruptcy, if avoided by discharge, is not avoided as against bankrupt.**

Lien of mortgage, executed within four months before bankruptcy, if avoided by discharge, is avoided only as 'against trustee in bankruptcy and those claiming under him, and not as against all the world or against bankrupt himself.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by the Bank of Gaylesville against W. R. Wade and another. Judgment for plaintiff, and defendants appeal. Affirmed.

The action is one of statutory ejectment by a junior mortgagee, after an alleged foreclosure and purchase by him, against the mortgagor in possession.

The plaintiff introduced in evidence his mortgage, in the usual form, conveying the legal title, with the right to take possession of the land upon default in payment of the debt, and with a power of sale in the usual terms. The mortgagee is authorized to purchase at the sale, but no express power is given to make a conveyance to the purchaser. This mortgage contained the following provision:

"It is distinctly understood and agreed as a part of the consideration for this mortgage that this mortgage is a second mortgage and is subject to a prior or first mortgage executed by mortgagors herein to the Federal Land Bank of New Orleans, La., to secure said Federal Bank the sum of four thousand, five hundred dollars, now of record in Cherokee county, Alabama, probate office, and is subject to all the terms and conditions of said first or prior mortgage, mortgagees herein having by their acceptance of this mortgage canceled and satisfied all prior and other mortgages held by them on the lands herein."

Plaintiff also introduced in evidence the following certificate of foreclosure indorsed on the original mortgage:

"That State of Alabama, Cherokee County:
"I, Hugh Reed, as agent, attorney for the bank of Gaylesville, mortgagee in the within mortgage, and acting as auctioneer at the sale of all the lands described in the within mortgage, do hereby certify, that after first advertising the sale of all the within described lands under this mortgage by publication in the Coosa River News, published at Centre, Ala., and in strict conformity with all the terms and conditions of the within mortgage, I did, on the 19th day of January, 1925, sell such lands at public auction at the courthouse door of Cherokee county, in Centre, Ala., and within the legal hours of sale, and at said sale Bank of Gaylesville, who was the highest, best and last bidder, purchased all the within described lands, at and for the sum of two thousand dollars. This January 19th, 1925.
"Hugh Reed, Attorney and Auctioneer."

Defendant separately objected to the introduction of the mortgage and of the certificate, on the grounds that they were "irrelevant, illegal, incompetent, and immaterial, and also on the ground that the mortgage bears date of the 30th day of January, 1924, and at that time the present Code was not in force and effect." These objections were overruled.

Defendant offered to introduce in evidence the senior mortgage referred to in plaintiff's mortgage, which contained the following provision:

"Grantors will take good care of said real estate and will not commit waste, or allow waste to be committed on same, but will cause the same to be worked and cultivated in a proper and farmerlike manner, and that they will not cut nor remove any timber or improvements from said land except such as may be

needed for grantor's ordinary farm purpose and further, will keep the houses, fences, ditches and other improvements in good condition and repair at all times."

On plaintiff's objection this mortgage was excluded.

Defendant introduced in evidence a bill in equity in the Cherokee circuit court, in which this plaintiff was complainant and this defendant was respondent, setting up their relationship under plaintiff's mortgage herein; its foreclosure and plaintiff's purchase thereunder; charging that defendant was stripping the land of the timber thereon so as seriously to impair its value as security for plaintiff's mortgage debt, exercising acts of possession, and doing or threatening other injuries; and praying for a temporary and permanent writ of injunction to prevent such acts and trespasses. And defendant introduced in evidence, also, the final decree of the circuit court on said bill, decreeing that complainant was entitled to relief, and granting a permanent injunction as prayed, and concluding:

"And each of the defendants are hereby enjoined and restrained from going upon said lands or committing any trespass thereon or in any way interfering with the rights of the complainant to said lands or the possession thereof."

Defendant also offered to introduce in evidence a certified copy of an order of the federal district court, dated August 25, 1924, that said "W. R. Wade be discharged from all debts and claims which are made payable * * * against his estate, and which existed on the 14th day of May, A. D. 1924, on which day the petition for adjudication was filed by him; excepting such as are by law excepted from the operation of a discharge in bankruptcy."

On plaintiff's objection this was excluded.

The trial judge gave to the jury the general affirmative charge, with hypothesis, for plaintiff, and verdict and judgment followed for plaintiff.

E. O. McCord & Son, of Gadsden, and Irby Keener, of Center, for appellants.

The mortgage to the Land Bank was admissible. Randolph v. Bradford, 204 Ala. 378, 86 So. 39; Little v. Thomas, 204 Ala. 66, 85 So. 490; Carpenter v. Joiner, 151 Ala. 454, 44 So. 424; Cofer v. Schening, 98 Ala. 338, 13 So. 123; Slaughter v. McBride, 69 Ala. 510; Code 1923, § 7453.

Hugh Reed, of Center, for appellee.

Plaintiff was entitled to recover on its mortgage, regardless of the effect of the foreclosure. Graham v. Partee, 139 Ala. 310, 35 So. 1016, 101 Am. St. Rep. 32; Jackson v. Tribble, 156 Ala. 480, 47 So. 310; Mills v. Hudmon, 175 Ala. 448, 57 So. 739; Williams v. Oates, 212 Ala. 396, 102 So. 712. As against the second mortgagee, the mortgagor is es-topped to set up the outstanding title of the first mortgagee. Hawkins v. Hudson, 45 Ala. 482; Cotton v. Carlisle, 85 Ala. 175, 4 So. 670, 7 Am. St. Rep. 29; Marks v. Robinson, 82 Ala. 69, 2 So. 292; Carter v. Smith, 142 Ala. 414, 38 So. 184, 110 Am. St. Rep. 36. The certificate of foreclosure was admissible as against any objection interposed. Wildman v. Means, 208 Ala. 487, 94 So. 823; Williams v. Oates, 212 Ala. 396, 102 So. 712. The chancery decree established plaintiff's right of possession. Cofer v. Schening, 98 Ala. 338, 13 So. 123. The provisions of the Bankruptcy Act have not the effect to reinvest the bankrupt with title to lands mortgaged. 7 C. J. 195, 411.

SOMERVILLE, J. [1-3] As against all the world, except his mortgagee having the legal estate and his privies, the mortgagor is held to be the owner of the fee, and entitled to the possession and use of the mortgaged property; and one who acquires the mortgagor's equity of redemption, whether before or after default in the payment of the senior mortgage debt, stands, for all purposes, in the shoes of the mortgagor, and may maintain ejectment to recover the possession against the mortgagor himself. Cotton v. Carlisle, 85 Ala. 175, 4 So. 670, 7 Am. St. Rep. 29; Carter v. Smith, 142 Ala. 414, 38 So. 184, 110 Am. St. Rep. 36. This necessarily implies that the mortgagor-defendant cannot, in such an action, set up the title outstanding in the senior mortgagee to defeat the plaintiff's right. Carter v. Smith, supra; Graham v. Partee, 139 Ala. 310, 35 So. 1016, 101 Am. St. Rep. 32. And, where the mortgagor's default gives to the junior mortgagee the right of possession, the latter may recover in ejectment on his mortgage title alone without foreclosure. Jackson v. Tribble, 156 Ala. 480 (14), 47 So. 310. In that case it is held, also, that a power of sale in a mortgage carries by implication the power to make a deed to the purchaser; and that a sale under the power cuts off the equity of redemption as effectually without as with the execution of a deed.

Plaintiff was prima facie entitled to recover on the strength of his mortgage deed alone, without the aid of the certificate of foreclosure.

Defendant's theory, however, is that the quoted provision of his mortgage to the Federal Land Bank, to the terms and conditions of which plaintiff's mortgage is declared to be subject, viz., that the mortgagor should take good care of the premises, commit no waste, cultivate it properly, and keep the buildings and premises in good condition, is of such force and effect as to entitle him, and even to require him, to keep possession of the land, even against his own contract with and grant to the plaintiff-mortgagee.

[4] This theory is plainly erroneous. The quoted provision of the senior mortgage is merely a covenant by the mortgagor; and,

while the covenant is binding on the mortgagor, and his assigns and alienees who may succeed to the possession of the premises, it cannot protect the mortgagor against the effect of his own grant. Defendant's mortgage conveyance to plaintiff estops him to deny its legal effect. Graham v. Partee, 139 Ala. 310, 314, 35 So. 1016, 101 Am. St. Rep. 32. Of course, the plaintiff is bound by the covenant in question whenever he takes possession of the premises in privity with his mortgagor.

[5] It must be noted, also, that the chancery decree introduced in evidence by defendant exhibits a res judicata between these parties as to the validity of plaintiff's mortgage and the paramountcy of his title thereunder and his superior right to the possession of the mortgaged land. Cofer v. Schening, 98 Ala. 338, 13 So. 123.

Defendant contends that his discharge in bankruptcy effected a discharge and release of plaintiff's mortgage, since it was executed within four months before the filing of defendant's petition in bankruptcy.

[6, 7] Such a discharge avoids all liens obtained against the property of the bankrupt through legal proceedings (7 Corp. Jur. 195, § 290), but this rule does not apply to complete legal titles (7 Corp. Jur. 200, § 299), and the lien of a mortgage is not affected by such a discharge, although the discharge will prevent the rendition of any personal judgment for a deficiency on foreclosure. 7 Corp. Jur. 411, § 728. Moreover, such liens are avoided, if at all, "only as against the trustee in bankruptcy and those claiming under him, and not as against all the world, or as against the bankrupt himself." 7 Corp. Jur. 197, § 290; Rochester Lumber Co. v. Locke, 72 N. H. 22, 54 A. 705. But, even if there were a discharge of the mortgage by the bankrupt's discharge, the chancery decree is conclusive of the whole matter in favor of this plaintiff as between him and this defendant.

We can find no ground upon which the propriety of the general charge for plaintiff can be denied, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.